Colón, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de una sentencia de dominio.

No. 289.—Resuelto en febrero 8, 1917.

Expediente de Dominio—Presunción de que la Finca es Parte de Otra—Inscripción Anterior a Favor de Persona Fallecida—Prescripción—Denegación de Inscripción.—Procede denegar la inscripción en el registro de la propiedad de una sentencia por la que se declara. acreditado el dominio de cierta finca que a juzgar por alguno de sus linderos presume que pueda formar parte de otra mayor inscrita a favor de persona fallecida, cuando no consta establecido por la corte el hecho de que haya sido enajenada por el supuesto causante a favor de los anteriores dueños mencionados en el decreto, ni que haya resuelto que el recurrente hubiera adquirido por prescripción y en oposición a los herederos o causahabientes del difunto, ni que la corte tuviera conocimiento de tal inscripción a favor de tercero.

Inscripción de Títulos—Inscripción a Favor de Persona Distinta del Otorgante—Duda Razonable y Fundada.—Un registrador debe denegar una inscripción no sólo cuando tiene certeza plena de que el derecho que se trata de inscribir lo está ya a nombre de persona distinta de la que otorga la trasmisión, sino también cuando tiene duda razonable y fundada de ello.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Tous Soto.*

El registrador recurrido Sr. Emigdio S. Ginorio, compareció en nombre propio.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En el año 1881 Doña Isabel Rivera y Vega, viuda de Mateo Bonilla y Juan Bonilla y Rivera, hijo de ambos, manifestaron y reconocieron solemnemente en documento público, que su finado esposo y padre vendió hace más de doce años antes de esa fecha a Luciano Miranda por la suma de trescientos pesos, que fué debidamente recibida por el vendedor pero sin otorgarse ningún documento en forma, cien cuerdas de terreno en el partido de Barros, barrio Bauta Abajo, colindantes a la fecha indicada en primer término, por el este con Juan Burgos; al oeste con Ricardo Cansobre y María Matías Crespo, y al norte y sur con la sucesión del mismo Mateo

Bonilla, cuyo terreno hubo Bonilla por concesión.que le hiciera el Gobierno. En la misma escritura se hace constar el convenio de que Miranda mensurará por su cuenta la extensión de que estaba en posesión, devolviendo a la viuda e hijo las cuerdas que resultaren demás de las ciento encerradas en su perímetro. .

En el año 1882 Luciano Miranda y Ortiz vendió la misma finca a Cándido Figueroa y Figueroa con la siguiente descripción: cien cuerdas, o sean treinta y nueve hectáreas, treinta áreas, cuarenta centiáreas, colindante por el este con Juana Burgos, al oeste con Ricardo Cansobre y Miguel Criado, y al norte y sur con la Sucesión de Mateo Bonilla.

En 1888, Cándido Figueroa vendió dicha propiedad a Juan Rivera y al describirse, se dice que limita al este con José María Colón, dueño de terrenos que fueron de Juan Burgos, al oeste con Ricardo Cansobre y Miguel Criado, y al norte y sur, con la Sucesión de Mateo Bonilla.

En el año 1894, Juan Rivera y Rivera vendió a Manuel Colón y Rodríguez, haciendo constar al describir la finca que colinda por el este con José María Colón, al oeste con Ricardo Cansobre, al norte con José Ramón Meléndez, dueño de terrenos que fueron de Miguel Criado y Cecilia Rivera, y al sur con Manuel Colón, dueño de terrenos que fueron de Sucesión de Mateo Bonilla.

En junio 16 de 1916, el recurrente presentó para su inscripción en el Registro de la Propiedad de Caguas una sentencia de la Corte de Distrito de Ponce, Puerto Rico, de fecha abril 23, 1912, que fué enmendada en febrero 11, 1916, acompañada de las escrituras de que se ha hecho mención anteriormente, declarando dicha sentencia que el recurrente es el dueño de una propiedad cuya descripción es como sigue:

"Rústica, radicada en el barrio de Bauta-Abajo, del término municipal de Barros, compuesta de 142.05 cuerdas, equivalentes a 55 hectáreas, 83 áreas y 13 centiáreas, en lindes por el Norte, con la Sucesión de José María Colón y Ramón Meléndez, por el Este, la

Sucesión de José María Colón; al Oeste, Ricardo y Juana Josefa Cansobre; y al Sud, Baltazar Blanco y Antonio Pasacqua.''

Se dice en la sentencia que de las pruebas presentadas resulta debidamente justificado que la descrita finca, sobre la cual no pesa carga ni gravamen de ninguna clase, y que tiene un valor de $2,000, fué adquirida por el promovente, quien en unión de los anteriores dueños ha estado en sus respectivas épocas en la posesión quieta, pacífica y no interrumpida de la descrita finca, en la forma siguiente:

''5 cuerdas por compra a Alejandro Colón, éste las hubo por igual título de Francisco Muñoz en julio de 1904, y éste por igual título de Ricardo Cansobre, y éste por herencia de sus padres Ricardo Cansobre y Josefa Rivera, ha más de 30 años;

''3 cuerdas por compra a Juana Josefa Cansobre en 1906, quien las hubo por igual título de herencia de sus padres Ricardo Cansobre y Josefa Rivera, ha más de 30 años;

''20 cuerdas por compra a Don Severiano Arroyo en 1899, éste las hubo por igual título de Julián Ortiz Meléndez en igual año, y éste por igual título de Isabel Rivera, viuda de Mateo Bonilla, en 6 de abril de 1895;

''5 cuerdas las hubo por compra a Pedro Ortiz en 1899, éste por compra a su padre Julián Ortiz, en 1898, y éste por compra a Doña Isabel Rivera viuda de Bonilla, ha más de 30 años;

''3 cuerdas las hubo por compra a Don Tomás Cano Crespo en 7 de diciembre de 1894, éste por compra a Doña Tomasa Crespo ha más de 25 años; y

''104.05 cuerdas las hubo por compra a Don Juan Rivera ha 26 años, y éste por igual título de Don Cándido Figueroa;

''2 cuerdas las hubo por compra a Dámaso García en 26 de diciembre de 1896, y éste las hubo por compra a Doña Isabel Rivera, viuda de Bonilla, ha más de 16 años.

La nota del registrador está redactada en los siguientes términos:

''Inscrito el precedente documento con vista de otros, en cuanto a las 11 cuerdas compradas a Alejandro Colón, Juana Josefa Cansobre y Tomás Cano Crespo, al folio 105, del tomo 23 de Barros, finca 1359, inscripción 1ª., y denegada la inscripción respecto de las 131

cuerdas cinco céntimos restantes, por resultar inscritas a favor de Mateo Bonilla, al folio 163 del tomo 11 de Barros, finca 547, inscripción 1ª. y única por concesión que le hiciera el Estado por medio de la Junta Superior de repartimiento de terrenos baldíos, la posesión de un terreno radicado en el barrio de Bauta-Abajo, término municipal de Barros, compuesto de trescientas cuerdas que tiene, entre otros linderos a Ramón Meléndez y a Manuel Colón por el Norte; a la Sucesión de José María Colón por el Sur y a Ricardo Cansobre por el Oeste que son iguales a los de la finca cuyo dominio se ha acreditado; lo que hace presumir, con sobrado fundamento, que de esas trescientas cuerdas pueden formar parte las ciento treinta y una con cinco céntimos que en los documentos que motivan la presente figuran vendidas por Isabel Rivera Vega, viuda de Bonilla, y aunque ella y su hijo reconocen como cierta la venta que de cien de esas cuerdas de terreno hiciera su causante Mateo Bonilla no se acredita que sean sus herederos ni menos sus únicos causahabientes y además, declarando que Mateo Bonilla vendió en mil ochocientos sesenta y nueve a Luciano Miranda, sin expresar el estado civil del adquirente, éste al vender el terreno en mil ochocientos ochenta y dos a Cándido Figueroa dice que es viudo y no constando el estado que tenía cuando compró, no es posible juzgar de su capacidad habiéndose tomado en su lugar anotación preventiva por el término de 120 días respecto de las 131 cuerdas 5 céntimos en el mismo tomo 23 y folio 105.   Caguas, 28 de junio de 1916.—Emigdio S. Ginorio, Registrador.''

Creemos que el registrador está en lo cierto en su conclusión de que las 131.05 cuerdas cuya inscripción fué denegada, probablemente están comprendidas en las 300 cuerdas inscritas a nombre de Mateo Bonilla.  No consta que se le hubiera presentado a la corte de distrito la inscripción hecha a favor de Mateo Bonilla, o la prueba documental del título arriba mencionado.  Por el contrario, la misma sentencia expresa que el promovente carece de título de dominio escrito, y no hay en ella ninguna conclusión expresa sobre la cuestión de prescripción en oposición a los herederos de Mateo Bonilla.  A la verdad que ninguna de las cuestiones sugeridas por el registrador parece haber sido tenida en cuenta por el juez de distrito.  Dentro de las circunstancias del caso también convenimos con el registrador en su contestación a la

alegación hecha por el recurrente en cuanto al título por prescripción, o sea, que ésta es una cuestión que ha de ser resuelta por la corte y no por el registrador.

"Nosotros opinamos que el registrador debe negar la inscripción, no sólo cuando tiene certeza plena de que el derecho que se trata de inscribir lo está ya a nombre de persona distinta de la que otorga la trasmisión, sino cuando tiene duda razonable y fundada de ello. Véase el artículo 20 de la Ley Hipotecaria, el caso de *Morales* v. *El Registrador de San Juan,* decidido en noviembre de 1909, y los en él citados."

*Díaz* v. *El Registrador de la Propiedad,* 16 D. P. R., 275.

En el caso de *Porto Rican Leaf Tobacco Co.* v. *El Registrador de la Propiedad,* 17 D. P. R. 231, este tribunal por conducto del Juez Presidente Sr. Hernández, dijo lo siguiente:

"Como del registro aparece inscrita a favor de Don Francisco Sellés López la posesión de la finca cuyo dominio ha tratado de inscribir The Porto Rican Leaf Tobacco Company, y no se ha ordenado la cancelación de dicha inscripción por providencia ejecutoria, ni existe escritura o documento auténtico en el cual Sellés López o sus causahabientes hayan prestado su consentimiento para dicha cancelación, la inscripción tiene que subsistir en toda su fuerza y vigor, y subsistiendo, no cabe inscribir el dominio a favor de The Porto Rican Leaf Tobacco Company. En apoyo de la anterior doctrina podemos citar la resolución dictada por esta corte con fecha 27 de junio de 1902 en el recurso gubernativo de *Emigdio S. Ginorio* v. *El Registrador de la Propiedad de San Juan.*

"Ni puede sostenerse que Don Francisco Sellés López haya prestado su conformidad en el expediente de dominio para la cancelación de la inscripción posesoria de que se deja hecho mérito, pues no aparece que fuera citado, según afirma la recurrente, por más que en la copia certificada de la resolución de la corte se consigna que fueron citados los anteriores dueños, que pudieron ser muy bien los que precedieron en el dominio a The Porto Rican Leaf Tobacco Co., y no Don Francisco Sellés López, a quien se supone fallecido en la nota recurrida."

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.