MARRERO, RECURRENTE *v.* EL REGISTRADOR DE MAYAGÜEZ, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Mayagüez denegando la inscripción de un expediente de dominio.

No. 329.—Resuelto en julio 28, 1917.

EXPEDIENTE DE DOMINIO—INSCRIPCIÓN EN EL REGISTRO.—Un registrador está plenamente justificado al negar la inscripción de una resolución que declara justificado el dominio de una finca a favor del promovente, cuando del registro aparece fuera de duda razonable, que la finca puede formar parte de otra de mayor cabida inscrita, por tener ambas la misma procedencia, y las mismas colindancias por algunos de sus puntos, aunque resulte que en los procedimientos *ex parte* habidos en la corte se omitiera el apellido materno del primitivo dueño.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Angel A. Vázquez.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En la Corte de Distrito de Mayagüez se declaró justificado a favor de Pedro Marrero Alfonso el dominio de tres fincas, entre ellas la siguiente:

(a) Rústica de 59 cuerdas de extensión, a pasto, y cañas y frutos menores, con una casa tienda, de madera cobijada de tejas, sita en el barrio de Río Hondo, de Mayagüez, colindante al norte con un camino vecinal y Ricardo Acosta, al sur con Río Hondo y Juan Lebrón, al saliente con Sixto Más y al poniente con Luis Alfonso. La medida de dicha finca reducida al sistema métrico decimal equivale a 23 hectáreas, 18 áreas y 70 centiáreas.''

Presentada en el registro de la propiedad para su inscripción copia certificada de la resolución, el registrador se negó a inscribirla en cuanto a la finca descrita, ''por observarse que el folio 106 vuelto del tomo 2 de esta ciudad, finca No. 114, inscripción tercera, aparece inscrito a nombre de personas distintas del promovente, o sea a favor de Don Eusebio, Don Luis, Don José Vicente, Don Nicolás Tolentino, Don Pablo Regalado y Doña Luisa Cabeza el dominio de una finca rústica de 188 cuerdas radicada en el mismo barrio de ''Río Hondo,'' la que adquirieron los Señores Cabeza por herencia de su madre natural Doña Felipa Cabeza quien adquirió dicha finca por compra a Don José Alfonso González, * * * existiendo motivos racionales para suponer que parte de las 59 cuerdas cuya inscripción se pretende y con la que puede quedar parcialmente cancelada la inscripción de la indicada finca No. 114, pues ambas fincas tienen la misma procedencia y colindan con el río y el camino.'' De esa denegatoria apeló el recurrente.

De los hechos del expediente aparece que la finca de 59 cuerdas en cuestión, radicada en ''Río Hondo,'' colindante con un camino vecinal y con el Río Hondo, fué adquirida por el recurrente por compra a Pedro Alfonso, Luis Alfonso y Eusebio Cabeza; que éstos la adquirieron por herencia de Felipa Cabeza, su madre natural; y que ésta la adquirió a su

vez, hace más de cuarenta años, por compra a Don José Alfonso. Pero también resulta del registro que una finca de 188 cuerdas, radicada también en "Río Hondo," colindante asimismo con el camino vecinal y el mismo río, fué adquirida por *Eusebio, Luis,* José Vicente, Nicolás Tolentino, *Pedro* Regalado y Luisa Cabeza por herencia de Doña Felipa Cabeza, quien adquirió por compra de José Alfonso González. La única diferencia que existe es que en el expediente de dominio aparece que la señora Cabeza adquirió de José Alfonso y del registro aparece que adquirió de José Alfonso González. *Prima facie,* la variante en los nombres puede ser atribuída a una omisión, en los procedimientos *ex-parte* habidos en la corte, del apellido materno de José Alfonso González, y la alegada discrepancia equivale a la diferencia que existe "entre fo y fa."

Los hechos enumerados son suficientes, sin necesidad de comentarlos, para distinguir este caso del de *Panzardi* v. *El Registrador de Mayagüez,* 25 D. P. R. 178, y faltando en absoluto demostración alguna en contrario, indican claramente la probable identidad de las dos fincas. Consiguientemente el registrador estuvo plenamente justificado al negar la inscripción de la resolución en cuanto a la finca de que se trata.

El registrador debe negar la inscripción no sólo cuando tiene certeza plena de que el derecho que se trata de inscribir lo está ya a nombre de persona distinta de la que otorga la trasmisión, sino cuando tiene duda razonable y fundada de ello. (*Díaz* v. *El Registrador,* 16 D. P. R. 275; *Morales* v. *El Registrador,* 15 D. P. R. 699.)

Debe confirmarse la nota en la parte recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.