ALFREDO BRAVO CABASSA, recurrente, v. EL REGISTRADOR DE
LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1267.—*Sometido:* Noviembre 6, 1950.   *Resuelto:* Noviembre 30, 1950.

*Mario Báez García,* abogado del recurrente; el Registrador re-
currido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del
tribunal.

La Corte de Distrito de Mayagüez, a petición de Alfredo
Bravo Cabassa y después de seguir los trámites legales co-
rrespondientes, declaró justificado el dominio sobre una finca
urbana a favor del peticionario y ordenó su inscripción en el
Registro de la Propiedad de Mayagüez "si no existiese asiento
alguno que lo impida".   Dicha finca se describe así:

"URBANA: Solar radicado en la calle Concordia barrio Ma-
rina Septentrional de la ciudad de Mayagüez, con las colindan-
cias y medidas siguientes: por su frente, que es el Oeste, mide
quince metros treinta y cuatro centímetros, y colinda con la calle
Concordia; por el Este, que es su espalda, mide doce metros con
cincuenta y cinco centímetros y colinda hoy con Barriada Pueblo

Verde y antes con tierras de una Refinería; por el Sud, que es su izquierda, mide veinte y cuatro metros noventa centímetros y colinda hoy con propiedad de José A. Cesaní, antes terrenos de la señora López y luego de Arturo Martínez; y por el Norte, que es su derecha, mide veintitrés metros cuarenta y cinco centímetros y colinda hoy con calle de Pueblo Verde, y antes con tierras de una Refinería.   La medida superficial del solar de la finca objeto de esta enajenación es TRESCIENTOS TREINTA Y SIETE METROS DOCE CENTÍMETROS CUADRADOS.   Enclava en este solar una casa de madera, techada de zinc, destinada a vivienda, con su garaje en el patio."

Presentada al Registro la resolución, el registrador denegó la inscripción del documento por los motivos expuestos en la siguiente nota:

"DENEGADA la inscripción de este documento por observarse que la finca objeto del expediente es la misma que aparece inscrita a favor de Manuel A. Fernández y Rivera al folio 108 vuelto del tomo 15 de Mayagüez, finca número 975, inscripción 2da., dados los antecedentes y circunstancias del caso, no siendo suficiente este expediente para dejar cancelada, como quedaría por virtud de la inscripción del dominio la referida inscripción vigente en el Registro, toda vez que no ha sido decretada por providencia judicial en el juicio correspondiente ni puede sostenerse que Manuel A. Fernández y Rivera o sus herederos hayan prestado su conformidad en el expediente para la cancelación de la inscripción de dominio vigente, pues no aparece que fueran citados, por más que en la copia certificada de la resolución de la Corte se consigne que fueron citados los anteriores dueños, y TOMADA EN SU LUGAR LA CORRESPONDIENTE ANOTACIÓN PREVENTIVA por el término legal . . . ."

Contra dicha nota se estableció el presente recurso gubernativo.

■ ■ La descripción de la finca que aparece inscrita en el Registro de la Propiedad de Mayagüez a favor de Manuel A. Fernández Rivera y a la cual hace referencia la nota del registrador, según el alegato del recurrente, es la siguiente:

"URBANA: Casa de madera, cobijada de tejamaní, con su cocina, patio y el solar en que se encuentra edificada que mide diez,

y siete varas de frente, equivalentes a catorce metros ciento noventa y cinco milímetros, por diecinueve varas de fondo, que equivalen a quince metros cuatrocientos sesenta y cinco milímetros, radicado todo el conjunto en el barrio de la *Marina Meridional,* de esta ciudad, dando su frente principal a la calle de la Concordia, carece de número de orden de población y colinda por la derecha entrando, SUD, con terrenos de la Sra. López; por la espalda, ESTE, otros de la Refinería, así como por la izquierda NORTE lindando antes con el caño Boca Morena, una calle o camino y terrenos de don Baltasar Vigo. Cabida 219.53 m/c."

Reiteradamente hemos resuelto que "El registrador debe negar la inscripción no sólo cuando tiene certeza plena de que el derecho que se trata de inscribir lo está ya a nombre de persona distinta de la que otorga la trasmisión, sino cuando tiene duda razonable y fundada de ello". *Marrero* v. *El Registrador de Mayagüez,* 25 D.P.R. 834, 836 y casos en él citados; *Colón* v. *El Registrador de Caguas,* 24 D.P.R. 770; *Carmona* v. *Registrador,* 64 D.P.R. 251.

Veamos si el registrador recurrido actuó correctamente en el presente caso.

En primer término, al comparar la descripción de la finca inscrita en el Registro con la del expediente de dominio, el recurrido hace constar que las colindancias de las fincas son las mismas. Tiene razón a nuestro juicio, ya que ambas fincas colindan por el Norte con una calle (sin nombre la inscrita y calle de Pueblo Verde la del expediente); por el Sur con la señora López la inscrita y antes con la misma señora la del expediente; por el Oeste con la calle Concordia tanto la inscrita como la del expediente; y por el Este con terrenos de una refinería la inscrita y antes, con esos mismos terrenos, la del expediente.

También sostiene el recurrido que la cabida de las dos fincas es más o menos la misma. La finca inscrita tiene una cabida de 225.20 metros cuadrados (14.195 metros de frente por 15.865 metros de fondo). La descrita en el expediente tiene un área de 337.12 metros cuadrados, pero el registrador recurrido llama la atención hacia el hecho de que en el cuarto

"Por Cuanto" de la resolución dictada por la Corte de Distrito de Mayagüez, se hace constar que si bien la finca descrita arroja una superficie de 337.12 metros cuadrados, "es lo cierto que dicha finca es la misma que figura tributando contribuciones con una cabida de 237.18175 metros cuadrados debiéndose la diferencia entre la cabida alegada y la que aparece del recibo a que la finca fué mensurada recientemente y arrojó una mayor cabida".

Arguye el recurrido que las dos dimensiones que constan en la finca inscrita fueron practicadas en el año 1888 y que entre la medida superficial que arroja el Registro, 225.20 metros cuadrados, y la del recibo de contribución, 237.181 metros cuadrados, hay sólo una diferencia de 11.98 metros cuadrados, siendo un hecho que actualmente rara es la finca en que no exista una diferencia de medida superficial entre el Registro y el recibo de contribución. Además sostiene que para la comparación de las alegadas dos fincas no se debe tomar en consideración la nueva mensura practicada en el año 1949, habiendo por tanto base suficiente para tener o bien la certeza o la duda de que la finca inscrita con 225.20 metros cuadrados sea la misma de 237.18 metros cuadrados del recibo de contribución. Creemos que el registrador también estuvo justificado en llegar a esta conclusión.

El tercer punto a que llama la atención el recurrido es el relacionado con el barrio donde radica la finca. La inscrita en el Registro aparece como ubicada en el barrio Marina *Meridional* y la del expediente en el barrio Marina *Septentrional*. Sostiene el registrador que no obstante hacerse constar en la descripción de la finca inscrita que ella radica en el barrio de la Marina *Meridional*, lo cierto es que, según el índice de fincas urbanas del Registro, la finca aparece en el barrio Marina *Septentrional*, ya que la calle Concordia de Mayagüez aparece en la Marina Septentrional y que, por lo tanto, llega a la conclusión de que se cometió un error, o por el notario que hizo la escritura en el año 1888 o por el empleado del Registro que hizo su inscripción, y funda su conclusión en

dos motivos: (*a*) que la calle Concordia de Mayagüez, según el referido índice, está en el barrio Marina Septentrional, y (*b*) porque de acuerdo con certificación expedida por el Secretario Municipal de Mayagüez en cuanto a los límites territoriales de los barrios urbanos Marina Meridional y Marina Septentrional, dicho funcionario certificó que la calle Concordia, única de ese nombre en Mayagüez, está comprendida en toda su extensión dentro del barrio urbano Marina Septentrional, estando comprendida además, en dicho barrio, la otra colindancia de la finca inscrita, o sea el caño Boca Morena, antes, por el Norte. De acuerdo con estas constancias tampoco podemos decir que el registrador no estuvo justificado en concluir que la finca inscrita y la del expediente radican en el mismo barrio de la Marina Septentrional.

Como razón adicional para sostener su nota, el recurrido llama la atención hacia el hecho de que la persona que tiene inscrita la finca en el Registro es Manuel A. Fernández y Rivera y entre los dueños anteriores de la finca objeto del expediente de dominio aparece como último dueño Manuel Fernández García, quien la vendió el 10 de julio de 1924, y aunque no tiene la certeza, tiene "la idea de que éste sea hijo de Manuel A. Fernández y Rivera" y tal hecho da base para una duda razonable de que las fincas sean la misma y que Fernández García la hubiera adquirido por herencia de su padre.

Concluye el recurrido diciendo que de acuerdo con los hechos expuestos en cuanto a colindancias, cabida, barrio, calle y anteriores dueños, tiene la certeza de que se trata de la misma finca o por lo menos que existe base para que surja la duda razonable y fundada de que sean las mismas.

■ ■ En el caso de *Díaz* v. *El Registrador de la Propiedad*, 16 D.P.R. 275, 276, dijimos que "Sería necesario demostrar que la duda del registrador carecía de fundamento, para que nosotros pudiéramos revocar su nota y ordenar la inscripción solicitada".

926

El recurrente no nos ha convencido de que la duda expresada por el registrador en este caso carezca de fundamentos. Por el contrario convenimos en que dicha duda surge de todas las circunstancias expuestas anteriormente. Siendo esto así, el hecho de que en el expediente de dominio se demostrara que se había citado a los anteriores dueños no es suficiente para poder obtener la cancelación de un asiento contradictorio existente en el Registro, a menos que a ello hubiera consentido el titular o que hubiera sido oído y vencido en juicio al oponerse a las pretensiones del recurrente. *Rodríguez* v. *Registrador*, 65 D.P.R. 653; *Iñesta* v. *Registrador*, 65 D.P.R. 773; *Alcázar* v. *Corte*, 67 D.P.R. 727; *Mercado* v. *Registrador*, 68 D.P.R. 138; *Benítez* v. *Registrador*, 71 D.P.R. 563. Como cuestión de hecho, en el expediente de dominio tramitado por el recurrente en este caso no se solicitó tal cancelación y la corte tampoco la ordenó. Por el contrario ordenó la inscripción siempre que no existiese asiento alguno que lo impidiera.

*Debe confirmarse la nota recurrida.*