## Ramis et al. *v.* El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas. ·

No. 110.—Resuelto en febrero 24, 1912.

Escritura Aclaratoria—Calificación de Títulos.—Presentada al registro de la propiedad para su inscripción una escritura original de venta y adjudicación en pago, en la que se expresa que un pleito y ejecución se había seguido contra una sucesión, acompañada de otra escritura aclaratoria, otorgada en virtud de una orden de una corte de distrito, de la cual resulta que dicho pleito y ejecución no se siguió contra la sucesión sino contra determinadas personas allí nombradas, procede la revocación de la nota del registrador denegando la inscripción de los bienes ejecutados y otorgados, por el fundamento de haberse seguido pleito contra la sucesión, cuando ha debido de tener en cuenta que había una escritura aclaratoria que expresa lo contrario.

Anotaciones Preventivas Producidas por Defectos Insubsanables — Terceros—Cancelación de Oficio.—Las anotaciones preventivas producidas por defectos insubsanables de un título presentado al registro para su inscripción, son de carácter interino y caducan por el transcurso del término de 120 días que concede la ley para subsanar los defectos que impiden la inscripción del título, y una vez caducadas sin que se hayan subsanado tales defectos, no producen efecto alguno contra tercero y carecen de fuerza para destruir derechos civiles de otra persona, siendo el deber del registrador cancelar dichas anotaciones de oficio para poder hacer la inscripción de cualquier otro documento.

Venta de Bienes Anotados Preventivamente—Efectos de las Anotaciones Preventivas.—De acuerdo con la doctrina sentada por este tribunal en el recurso de *Antonsanti* v. *El Registrador de la Propiedad,* 9 Dec. de P. R., 190, a las anotaciones preventivas hechas por no ser inscribible un documento en el registro, son aplicables los preceptos del artículo 71 de la Ley Hipotecaria, y por tanto, los bienes inmuebles o derechos reales afectos a una anotación preventiva, podrán enajenarse o gravarse sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación, pudiendo, por tanto, inscribirse el título de venta de una finca afecta a tal anotación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Salvador Picornell.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Don Francisco y Doña María Antonia Ramis y Borrás presentaron en el Registro de la Propiedad de Caguas para su inscripción, una escritura pública de compraventa, acompañada de dos más, una de éstas aclaratoria de la anterior

y la otra de mandato.   De dichos documentos resulta que seguido pleito ante la Corte de Distrito del Distrito Judicial de Humacao por los hermanos recurrentes contra la Sociedad "Borrás Hermanos" en liquidación y la sucesión de Don Pascual Borrás y Llacer, compuesta de su viuda Doña Gerónima Ginart Andreu y de sus dos hijas Juana y Catalina Borrás y Ginart, para cobrar el importe de un préstamo hipotecario, al cumplir el marshal la sentencia condenatoria que en él recayó, vendió en pública subasta varias fincas que adjudicó a los recurrentes en pago de parte de su acreencia.

Solicitada la inscripción de ese documento, la negó el registrador por los motivos que aparecen de la nota puesta al pie del mismo, la que dice así:

"No admitida la inscripción del precedente documento, por el defecto insubsanable de que del mismo aparece que a los ejecutantes Don Francisco Ramis Borrás y Doña María Antonia Ramis Borrás se les adjudica fincas en pago de sus créditos, que pertenecen en parte a la sucesión de Doña Gerónima Ginart Andreu y a Doña Catalina y Doña Juana Borrás y Ginart, herederos de la sucesión de Don Bartolomé Borrás y Llacer compuesta de su viuda Doña Gerónima Ginart Audreu y sus hijas Doña Catalina y Doña Juana Borrás y Ginart, y aun cuando por lo que se refiere a dichas fincas se hallan inscritas a nombre de la sucesión de Don Bartolomé Borrás y Llacer, compuesta de su viuda Doña Gerónima Ginart Andreu y sus hijas Doña Catalina y Doña Juana Borrás y Ginart, de una anotación de denegatoria que quedó firme en este registro, resulta de una manera concluyente que Doña Gerónima Ginart y Andreu ha fallecido bajo testamento con anterioridad a la iniciación de las diligencias en que se han rematado las fincas vendidas que se tratan de inscribir; y perteneciendo una parte de esas fincas a la sucesión de la expresada Doña Gerónima Ginart y Andreu, sin que se halle determinado qué fracción, quebrado o decimal a las deudoras ejecutadas les corresponde, es preciso inscribir previamente una parte determinada de dichas fincas a nombre de la expresada sucesión heredera y que dicha ejecución se hubiera seguido también contra la misma.   (Art. 20 de la ley hipotecaria.) Además, concurre otro defecto de carácter también insubsanable por lo que respecta a la finca de catorce cuerdas que en dicho documento se describe con el número tres, de haberse tomado anotación preventiva por ciento veinte días que se halla vigente, en virtud de haberse

denegado su inscripción a favor  de Don Juan y Don Antonio Salvá y Ginart y Doña Catalina y Doña Juana Borrás y Ginart, como herederos testamentarios de Doña Gerónima Ginart y Andreu, algunos de ellos distintas personas de los ejecutados, contra quienes se siguió la ejecución en que se remató dicha finca de catorce cuerdas; habiéndose extendido anotación preventiva en cuanto a todas las fincas, a los folios 38, 224 vuelto, 44 vuelto, 17, 13 vuelto y 47 de los tomos 30, 15, 30, 11, 11 y 30 de este ayuntamiento, fincas números 539, 540, 541 duplicados, 543, 542 y 544 duplicado, anotaciones letras B, D, D, B, B, y C, respectivamente.''

De la lectura de la precedente nota aparece que son tres los motivos que ha tenido el registrador para negar la inscripción del documento que le presentaron los hermanos Borrás, o sea, que del documento de venta aparece que se adjudican fincas que pertenecen en parte a la Sucesión de Doña Gerónima Ginart Andreu, por lo que entiende necesario que se inscriba previamente a nombre de esa sucesión: Que de una anotación denegatoria de inscripción que quedó firme en el registro, resulta que Doña Gerónima Ginart y Andreu, falleció antes de iniciarse las diligencias en que se han rematado las fincas; y además, que respecto a una de éstas, la que se describe con el número tres, existe una anotación preventiva por ciento veinte días, que se halla vigente, tomada en virtud de haberse negado la inscripción que a su favor solicitaron varias personas como herederas de Doña Gerónima Ginart Andreu, siendo algunas de ellas distintas de aquéllas contra quien la ejecución se ha seguido.

El primer fundamento en que se apoya el registrador no existe, pues si bien en la escritura original de venta y adjudicación en pago se expuso que el pleito y la ejecución se habían seguido contra la Sucesión de Doña Gerónima Ginart Andreu, sin embargo, de la escritura aclaratoria que también se presentó al registrador, otorgada en virtud de una orden de la corte de distrito, resulta que dicho pleito y ejecución no se siguieron contra la Sucesión de Doña Gerónima Ginart y Andreu, sino contra ella y sus dos hijas como herederas de

Don Pascual Borrás y Llacer.  Y como el registrador debió
tener en cuenta esa escritura aclaratoria, no puede sostener
que de los documentos que se le han presentado aparezca lo
que él expone en su nota.

En cuanto al otro extremo de que aparecen de una anota-
ción preventiva, que está firme, ciertos hechos que impiden,
según su juicio, la inscripción solicitada, diremos que las
anotaciones preventivas que, de acuerdo con la ley sobre re-
cursos contra las resoluciones de los registradores de la pro-
piedad, toman éstos cuando deniegan la inscripción o anota-
ción de cualquier documento por defectos insubsanables del
mismo, no tienen otro alcance que garantizar el derecho de
los interesados en la inscripción o anotación del documento
por el término de ciento veinte días que duran sus efectos.

Tales anotaciones sólo tienen carácter interino; a los inte-
resados corresponde subsanar los defectos dentro del tér-
mino que la ley les concede y el que descuida hacerlo o des-
precia el precepto legal, queda castigado con la caducidad
de la anotación; de donde se deduce que si esa anotación
quedó ya firme, o sea, que pasaron los ciento veinte días con-
cedidos por la ley para subsanar los defectos sin que esto
se haya hecho, no puede tal clase de anotaciones producir
efecto contra tercero, pues un asiento caducado carece de
fuerza para destruir derechos civiles de otra persona, siendo
el deber del registrador cancelar dicho asiento de oficio para
poder hacer la inscripción de cualquier otro documento.

En cuanto al tercer extremo de la anotación preventiva
respecto de una de las fincas, cuyo término de ciento veinte
días no estaba vencido entonces, de acuerdo con lo expuesto en
la doctrina consignada en el caso de *Antonsanti* v. *El Regis-
trador de la Propiedad de San Juan,* 9 Dec. de P. R., 190, dire-
mos, que a las anotaciones de que venimos haciendo méritos
le es aplicable el artículo 71 de la ley hipotecaria vigente,
según el cual los bienes inmuebles o derechos reales anotados
podrán enajenarse o gravarse sin perjuicio del derecho de
la persona a cuyo favor se haya hecho la anotación, por lo

que no puede haber inconveniente en que; respecto de la finca número tres, mencionada en el documento, se haga la inscripción a favor de los peticionarios, sin perjuicio de los derechos de las personas a cuyo favor se tomó la anotación preventiva mencionada por el registrador.

Por estas razones, la nota del registrador debe ser revocada ordenándosele que haga la inscripción solicitada por los recurrentes.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.