Soledad Rodríguez, por sí y como madre con patria potestad sobre sus menores hijos Salvador y Olga Acosta Rodríguez, demandantes y apelantes, *v.* José Suárez García y Dolores Acosta López, demandados y apelados.

No. 6463.—*Sometido:* Enero 30, 1935. *Resuelto:* Marzo 21, 1935.

*Edelmiro Soldevila,* abogado de los apelantes; *R. Rodríguez Alberty,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Soledad Rodríguez, por sí y como madre con patria potestad sobre sus menores hijos Salvador y Olga Acosta y Rodríguez, demandó en la Corte de Distrito de San Juan a José Suárez García y a Dolores Acosta López, en cobro de novecientos ochenta y cinco dólares. Alegó dos causas de acción, exponiendo en la primera hechos demostrativos de que Salvador y Olga son los únicos y universales herederos de su legítimo padre José Manuel Acosta López fallecido en junio 23, 1928, para pedir que se les declarara tales herederos, y aduciendo en la segunda, para pedir que se dictara sentencia condenando a los demandados al pago de la suma reclamada y de sus intereses, substancialmente los siguientes hechos:

A la fecha de su fallecimiento José Manuel Acosta López era dueño de un crédito de novecientos ochenta y cinco dólares que se le adjudicó en las operaciones particionales del caudal relicto al óbito de José Manuel Acosta Moroto y Mónica de la Cruz López Marrero, hechas constar en escritura pública.

En las mismas operaciones particionales se adjudicó a la demandada Dolores Acosta López "en parte para pagar el expresado crédito," cierta finca urbana que se describe.

El 7 de abril de 1915 dicha demandada vendió al otro demandado José Suárez García la indicada finca. Desde entonces Suárez viene siendo el dueño de la misma "con conocimiento personal y por el registro de la propiedad de que dicha finca respondía, como todavía responde, del pago del crédito en cuestión, cuyo pago asumió el demandado aludido."

El crédito no ha sido pagado por ninguno de los demandados ni por nadie por ellos, habiéndose por el contrario negado dichos demandados a satisfacerlo no obstante los requerimientos que en vida les hizo el causante de los deman-

dantes y los que éstos les han venido haciendo hasta hace menos de un año de interpuesta la demanda.

Compareció el demandado José Suárez García y excepcionó la segunda causa de acción por falta de hechos determinantes de la misma y por estar en todo caso prescrita de acuerdo con el artículo 1865 del Código Civil, Ed. 1911.

Oyó la corte a ambas partes y declaró con lugar las excepciones, y estimando que la demanda no era susceptible de enmienda, dictó sentencia declarándola sin lugar, sin especial condenación de costas.

No conforme los demandantes interpusieron el presente recurso de apelación, señalando en su alegato la comisión de tres errores.

Consideraremos conjuntamente los señalamientos primero y tercero. Por el primero sostienen los apelantes que la decisión de la corte de distrito sobre falta de hechos determinantes de la segunda causa de acción, es contraria a la ley y a la jurisprudencia, y por el segundo que si alguna deficiencia pudiera advertirse en la demanda ésta sería susceptible de enmienda, motivo por el cual no debió la corte proceder a dictar sentencia final en el litigio sin antes dar oportunidad a los demandantes para enmendar su demanda.

Alegan los apelantes que existe nexo jurídico entre ellos y el demandado Suárez porque si bien Suárez no intervino en las operaciones particionales, no es un tercero, ya que al adquirir la finca de que es dueño estaba enterado personalmente y por el registro de que dicha finca fué adjudicada a su vendedora la demandada Acosta para satisfacer el crédito cuyo pago se reclama, e invocan en su favor el artículo 23 de la Ley Hipotecaria, las decisiones de esta Corte Suprema en los casos de *Vergara* v. *Pérez,* 44 D.P.R. 146, y *Luiña Hnos.* v. *Registrador,* 3 D.P.R. 18, 2ª ed., la sentencia del Tribunal Supremo de España de mayo 23, 1899 y la opinión del comentarista Barrachina.

Sostiene por el contrario el apelado Suárez que las autoridades invocadas no tienen el alcance que les atribuyen los

apelantes, e invoca en su favor las decisiones de esta corte en los casos de *Bou de la Torre* v. *Registrador,* 39 D.P.R. 353, *Sánchez* v. *Hartzell et al.,* 26 D.P.R. 684 y *Bas* v. *Ferrán,* 14 D.P.R. 190, en las cuales basó la corte de distrito la sentencia apelada, y la opinión del comentarista Galindo.

Todo depende en este caso de la naturaleza del derecho que surja de la mención en el registro del hecho de la adjudicación de la finca a la demandada Acosta en parte para pagar el crédito que se reclama. Si el derecho es real, alcanza al demandado García, adquirente posterior; si es personal, sólo se extiende a la adjudicataria, la demandada López.

Es cierto que esta corte en el caso citado de *Bas* v. *Ferrán,* 14 D.P.R. 190, decidió que "La circunstancia de que se haya hecho constar en el Registro que el resto del precio de la venta quedaba aplazado, de acuerdo con el artículo 11 de la Ley Hipotecaria, no varía por sí sola la naturaleza que en el orden civil tiene la acción que compete al vendedor, ni constituye esa simple consignación del precio aplazado un derecho real a favor de aquél, ni podría tampoco perjudicar a tercero si de él no se hace una mención expresa en el registro."

Y que veinte y un años después esa decisión fué aplicada en el caso de *Bou de la Torre* v. *Registrador,* 39 D.P.R. 353, 354, insistiéndose en que "la mención a que la ley se refiere es una que establece un dercho real a favor de alguien", inspirándose ambas decisiones en el artículo 29 de la Ley Hipotecaria según el cual es solamente "el dominio o *cualquier otro derecho real* que se mencione expresamente en las inscripciones o anotaciones preventivas, aunque no esté consignado en el registro por medio de una inscripción separada y especial," el que "surtirá efecto contra tercero desde la fecha del asiento de presentación del título respectivo", de tal suerte que si la mención no se refiere al dominio o cualquier otro derecho real, aunque exista, no perjudica, no alcanza a los terceros.

Pero este caso que estamos considerando es distinto. En *Bas* v. *Ferrán,* supra, y en *Bou de la Torre* v. *Registrador,*

supra, se trataba de menciones de precio aplazado y aquí de la adjudicación de una finca para pago de deudas de una herencia, de la que surge un verdadero derecho real.

En el caso de *Vergara* v. *Pérez,* 44 D.P.R. 146, hablando por la corte su Juez Asociado Sr. Hutchison, se expresó así:

"La corte de distrito declaró sin lugar un procedimiento de desahucio por falta de prueba suficiente para establecer el título de la demandante. En una escritura de partición la finca había sido adjudicada a la demandante para que pagara ciertas deudas de la sucesión de su finada madre. La teoría del juez de distrito fué que la demandante no había adquirido el título, toda vez que ella no había pagado las deudas pendientes contra la sucesión. Estas deudas se convirtieron, desde luego, en una carga contra el terreno. El pago de las mismas no se hizo una condición precedente a la adquisición del título por la demandante ni dependía su derecho a la posesión de tal pago anterior."

Lo esencial en esa decisión es que una adjudicación de una finca hecha en una partición para pago de deudas, transfiere el título de la finca al adjudicatario, pero también se dijo en ella: "Estas deudas se convirtieron, desde luego, en una carga contra el terreno", lo que implica que esta corte consideró que el derecho que en tal caso surgía, era de naturaleza real, pudiendo llegarse a igual conclusión sobre el criterio de esta Corte analizando lo que dijo por medio de su Presidente Sr. Quiñones en 1900 en el caso de *Luiña Hermanos* v. *Registrador,* 3 D.P.R. 18, 23, 2ª ed., a saber:

"*Considerando:* respecto al pacto de no enajenar que contiene la escritura de partición, que debiendo ser inscrita la adjudicación de los inmuebles con la obligación de pagar las bajas del caudal en la forma establecida en la escritura, quedan los interesados en el pago de esas bajas suficientemente garantidos en sus respectivos derechos, a tenor de lo que establece el artículo 23 de la Ley Hipotecaria, y por consiguiente que ese pacto de no enajenar que contiene la escritura es un gravamen inoficioso que debe estimarse por no puesto, como el de no hipotecar por segunda y tercera vez la misma cosa hipotecada; pero que no anula el título, ni la obligación, ni es por lo tanto motivo que impida en su día la inscripción de la escritura en el registro de la propiedad."

Existe aún jurisprudencia más precisa sobre la naturaleza real del derecho en tal caso, la establecida por la Corte Suprema de España en su sentencia de mayo 23, 1899, 87 J. C. 284, 289, como sigue:

"Considerando que la mención literal del artículo 33 del Reglamento para la ejecución de la Ley Hipotecaria exige que se haga al inscribirse inmuebles adjudicados a cualquiera de los partícipes en una herencia, que la obligación impuesta al mismo de emplear su importe en pagar determinadas deudas o cargas, implica la constitución de un derecho real sobre tales bienes, pues que de otra suerte nada significaría que se inscribiese en el Registro dicha obligación, cuando es .evidente que todos los preceptos de la Ley Hipotecaria están inspirados en el sentido de hacer constar, no las obligaciones meramente personales, sino las que afectan a la propiedad inmobiliaria, por cuya razón no puede menos de entenderse que desde que en la expresada forma se hace la partición o división de los bienes de una herencia, los inmuebles destinados al pago de deudas o cargas, se hallan especialmente afectos a dicho pago por voluntad de los herederos, quedando por lo tanto subordinada a dicha responsabilidad cualquier trasmisión o gravamen posterior que sobre ellos se impongan."

El propio Galindo, en su Legislación Hipotecaria, tomo 2, pág. 323 de la 4ª ed. reimpresa en 1903, que opina de modo distinto, se expresa como sigue:

"*Efectos de la mención de derechos personales en las inscripciones o anotaciones. Si la mención de la obligación de pagar deudas, impuesta a un adjudicatario, surte o no efecto contra tercero.*—El art. 29 de la Ley se refiere únicamente al dominio y derechos reales, y no ha de extenderse a los que, no teniendo ese carácter, se hacen constar por cualquier causa en el Registro.

"Deben, por tanto, tenerse por no mencionados y sin ningún efecto con relación a tercero.

"Ahora bien; la mención literal hecha en una inscripción de adjudicación para pago de deudas, de esta obligación, ¿surte o no surte efecto contra tercero?

"Cuestión ha sido ésta muy debatida y recientemente resuelta por el T. S. de J., por S. de 23 de May. 1899, cuyo primer Considerando dice así: (Es el transcrito anteriormente).

"Respetando como respetamos el fallo del alto Tribunal que lo

dictó, nos permitimos en el terreno puramente doctrinal hacer notar que si el crédito que había de satisfacer el adjudicatario era personal, no puede convertirse en real sólo porque la adjudicación se haya hecho con la obligación de satisfacerlo. Para que tal conversión pudiera admitirse sería preciso que expresamente consignasen los herederos su voluntad de dejar afecta la finca adjudicada, al pago de la deuda, y tal voluntad no puede sobreentenderse cuando solamente se dice que el adjudicatario queda obligado al pago.

"Así se declaraba de un modo terminante en el art. 23 del Dictamen de la Comisión del Congreso al Proyecto de Ley Hipotecaria, que puede verse al pie del texto del art. 23 de la vigente, en este tomo.

"Mas no se crea por esto que sostenemos que no surte efecto en el Registro, el que consten las deudas que el adjudicatario se obliga a satisfacer; porque mencionadas con cláusula rescisoria, caso de incumplimiento, el tercero que quiera contratar sobre la finca, ya sabe que el adjudicatario contrajo esa obligación; y por más que ésta, con respecto al acreedor sea meramente personal, debe ver el riesgo que corre de que llegue a declararse rescindido el contrato de adjudicación, por no haberse pagado las deudas, y vuelva la finca a poder de los herederos, sin que él pueda evitarlo, aunque ya haya inscrito su derecho, porque la causa de la rescisión resultaba del Registro. Así lo establecía el art. 23 de la Ley de Ultramar.

"De todos modos, por lo que al Registrador incumbe, ha de cumplir con hacer la mención literal que exige el art. 33, y dada la doctrina del Supremo, de que la adjudicación para pago de derechos implica la constitución de un derecho real, deberá cuidar de que conste claramente en la escritura, la deuda y la persona del acreedor, a fin de que quede bien determinada la extensión del derecho del adjudicatario y de ese mismo acreedor.

"Consecuencia es también de la doctrina del Supremo, que se inscriba especial y separadamente, como exige el art. 29, ese derecho real *mencionado*. ¿Y qué documento se presentará para ello? Rigurosamente parece que debería bastar la misma escritura de adjudicación; pero en ese caso no debió decir el art. 33 que se hiciera mención, sino que se inscribiera. ¿Y cómo se hará constar la extinción de ese derecho? Rigurosamente debía ser por inscripción de cancelación; pero teniendo en cuenta que sólo está mencionado, parécenos que bastaría una nota marginal, con arreglo al art. 16. (V. el párrafo 4º. del Com. al art. 105.)"

Hemos venido considerando el caso sobre la base de una

demanda más precisa que la que dió origen al mismo, porque hemos tenido en cuenta el tercer señalamiento. Discutiéndolo admiten los apelantes en cierto modo que su demanda es deficiente, pero dicen:

"Para dar una idea de que era muy posible que, de concederse oportunidad a los demandantes para enmendar su demanda, éstos hubieran podido hacer nuevas alegaciones robusteciendo su causa de acción, nos referiremos solamente, por ahora, al concepto del crédito, el cual no se alega en la demanda. Éste es un extremo importante de la cuestión. En la demanda en realidad no se dice de qué proviene el crédito que se reclama; y no se expresa de modo claro que el mismo constituye una baja del caudal relicto al fallecimiento del causante de la finca, ni que ésta fuera adjudicada a la demandada Dolores García para pagar precisamente esas bajas. Este mismo extremo pueden alegarlo los apelantes."

Y así es en efecto.

En cuanto al segundo señalamiento de error o sea el cometido por la corte al declarar la acción prescrita, bastará decir que es manifiesto. Congruente con su criterio sobre la naturaleza personal del derecho que surgía de la mención, concluyó la corte que la acción ejercitada había prescrito. Ni aún así hubiera tenido razón, porque la demanda contiene alegaciones tendentes a establecer la interrupción de la prescripción aunque el derecho de los demandantes no fuera de naturaleza real.

*La sentencia apelada debe, en tal virtud, revocarse, con permiso a la parte demandante para archivar una demanda enmendada dentro del término de diez días contados a partir del en que la sentencia de esta corte sea registrada en la Corte de Distrito de San Juan.*