CIPRIANO MANRIQUE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 991.—*Sometido:* Abril 9, 1937. *Resuelto:* Junio 18, 1937.

*Antonio L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 17 de febrero de 1937 el Secretario de la Corte Municipal de Caguas cumpliendo lo ordenado por la corte, libró

mandamiento al registrador de la propiedad del distrito para que cancelara determinada inscripción. Negóse el registrador y la parte que solicitó la cancelación, Cipriano Manrique, recurrió de su negativa para ante este tribunal.

El mandamiento se libró en el pleito seguido en cobro de dinero por Manrique contra Ramón López hoy su sucesión, compuesta de Josefa Alvarado y Consuelo Díaz, madre y esposa respectivamente de López.

En él se hace constar substancialmente que en octubre 4, 1935, Manrique presentó una moción alegando que resuelto el pleito por sentencia de septiembre 2, 1932, condenando a Consuelo Díaz a pagarle $249.40, intereses y costas, no se había satisfecho aún dicha sentencia; que en la partición de la herencia de Ramón López se reconoció como baja el crédito que sirvió de base al pleito y se adjudicó a Consuelo Díaz su viuda, para pago de deudas una casa situada en Aguas Buenas; que la viuda inscribió dicha casa a su nombre en el registro, constando en el asiento hallarse afecta al pago del crédito a favor de Manrique, y la vendió a su hermana Amparo Díaz y ésta la hipotecó a la orden del endosatario de un pagaré por $1,500; que el derecho de Manrique es real y perjudica a tercero (*Rodríguez v. Suárez*, 48 D.P.R. 289) y que para hacerlo efectivo era aplicable el artículo 71 de la Ley Hipotecaria, por virtud de todo lo cual pidió a la corte que fijara a Amparo Díaz un plazo de diez días para satisfacer el importe de la sentencia, cancelándose si así no lo hiciere la inscripción de su título en el registro.

Se sigue haciendo constar en el mandamiento que Amparo Díaz negó los hechos de la moción y alegó que la corte no tenía jurisdicción para resolverla; que se celebró una vista en la cual se presentó como prueba la certificación correspondiente del registro, y que como resultado de todo la corte estimó que asistía la razón a Manrique, procediendo a dictar como dictó la orden por él solicitada.

Luego se transcribe en el mandamiento la orden final de la corte decretando la "anulación y resolución del título

de dominio de Amparo Díaz sobre la finca urbana que se describe en la aludida resolución'' y ordenando ''su cancelación en el Registro de la Propiedad de Caguas'', basada dicha orden en que habiendo sido requerida Amparo Díaz no había satisfecho el crédito de Manrique dentro del plazo de diez días que se le concediera.

██ La negativa del registrador se funda en los siguientes motivos:

''1—Que en el caso civil núm. 5046 antes citado, no fué parte demandada la actual dueña de esta finca Amparo Díaz. 2.—Que la cancelación de la inscripción de dominio ordenada envuelve una cuantía mayor de $500, puesto que Amparo Díaz adquirió este inmueble a título de compra por precio de $2,000. 3.—Que Cipriano Manrique no tiene sobre esta finca un derecho real inscrito. 4.—Que en la mención del crédito personal de dicho Sr. Manrique en la adjudicación que se hizo de ésta y otras fincas a favor de Consuelo Díaz con la condición de pagar las bajas del caudal relicto por Ramón López Alvarado no se fijó plazo alguno para satisfacer las de carácter personal, estando dichas fincas gravadas con créditos reales inscritos anteriores al crédito del dicho Sr. Manrique. 5.—Que el procedimiento establecido en el artículo 71 de la Ley Hipotecaria no es aplicable a este caso; careciendo por esas razones de competencia y jurisdicción la Corte Municipal de Caguas para ordenar la cancelación de dicha inscripción de dominio; . . . .''

El recurrente Manrique, por medio de su abogado, presentó un extenso alegato impugnando la nota del registrador. Éste replicó, en parte, como sigue:

''No concibe el registrador cómo en un caso civil en cobro de dinero, cuya cuantía no excede de $500, pueda la corte municipal, por medio de una simple moción, a guisa de un incidente dentro del pleito principal, establecer, por su cuenta, un procedimiento aplicado *por analogía* al del artículo 71 de la Ley Hipotecaria y decretar y ordenar la cancelación de una inscripción de dominio en el registro de la propiedad.

''Tanto más cuanto que en el citado caso civil ni siquiera fué parte demandada la persona a cuyo nombre aparece hecha la referida inscripción de dominio.

"No hay discusión en cuanto a que la mención tiene carácter real y que perjudica a tercero. Véase 48 D.P.R. 289. Pero como se ha dicho anteriormente, la nota recurrida se funda en la falta de jurisdicción de la corte municipal para decretar y ordenar la cancelación de la inscripción de dominio hecha a favor de Amparo Díaz.

"Entiende el registrador, que el procedimiento adoptado por dicha corte vicia de nulidad tal decreto.

"El artículo 71 de la Ley Hipotecaria se refiere únicamente a los casos en que los bienes anotados preventivamente y vendidos a un tercero fuesen adjudicados al demandante, cosa que nada tiene que ver con la adjudicación de bienes de una herencia a una persona con la obligación de pagar ciertas bajas del caudal.

"La acción rescisoria o resolutoria no puede ejercitarse mediante el referido procedimiento, ni aunque éste fuera intentado ante una corte de jurisdicción general.

"La Corte Municipal de Caguas, en este caso se convirtió en legisladora creando *por analogía* un nuevo procedimiento para el ejercicio de las acciones rescisorias o resolutorias."

Tiene razón el registrador a nuestro juicio. La falta de jurisdicción de la Corte Municipal de Caguas salta a la vista. Se trataba de un pleito en cobro de pesos. Y la sentencia que en él obtuvo Manrique fué congruente con lo solicitado en su demanda, esto es, condenando a la demandada Consuelo Díaz a pagarle la suma reclamada. ¿Cómo en un pleito de tal naturaleza va a poderse dictar una orden como la que se dictara contra una persona que no fué parte en el mismo?

Si la finca adquirida por esa persona aparecía gravada para responder de la deuda reconocida por la sentencia, medios tenía el acreedor para reclamar su derecho, pero dentro de esos medios no estaba comprendido el drástico procedimiento que siguiera.

Hemos estudiado el artículo 71 de la Ley Hipotecaria y no creemos que pueda aplicarse a un caso como éste. Comienza disponiendo que los bienes inmuebles o derechos reales anotados en el registro podrán ser enajenados o gravados, pero sin perjuicio del derecho de la persona a cuyo fa-

vor se haya hecho la anotación. De suerte que de acuerdo con la misma ley, no obstante contener la inscripción de la casa a favor de Consuelo Díaz la anotación de que se le había adjudicado para el pago de deudas de la herencia de su esposo, pudo venderla como la vendió a otra persona. La garantía de la anotación consistía en que la finca vendida continuaba respondiendo al pago de las deudas, de acuerdo con la ley y con los términos de la adjudicación, hasta que dichas deudas fueran satisfechas cualquiera que fuere su dueño.

Y continúa disponiendo el artículo 71:

"Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor del artículo 42, núms. 2º. y 3º., fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en pública subasta, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

"Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación, o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260 al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas.

"Hecha la notificación a que se refiere el párrafo anterior, podrá el notificado librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, sin que se entienda obligado a satisfacer por este último concepto mayor suma que la consignada en la anotación. Si no lo hiciere en el término de diez días, se procederá a cancelar en el registro la inscripción de su dominio, así como cualquiera otra que se hubiera extendido después de la anotación, a cuyo efecto, y a instancia del rematante, o del adjudicatario, se despachará el oportuno mandamiento al registrador de la propiedad."

¿Dónde consta que la finca de que se trata fuera adjudicada a Manrique o que hubiera llegado el caso de anunciarse su venta en pública subasta y que bajo esas condiciones fuera que Amparo Díaz adquiriera el dominio de la

misma? En ninguna parte del mandamiento que se nos haya indicado o que hayamos podido encontrar por nosotros mismos.

El caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, que invoca el recurrente, es distinto. Allí se trataba de un procedimiento sumario hipotecario y aquí no. La jurisprudencia que en él se estableció en cuanto a la aplicabilidad del artículo 71 de la Ley Hipotecaria con el disentimiento de uno de los jueces de la corte—el Juez Asociado Sr. Hutchison— quedó fijada en el resumen como sigue:

"Cuando requerido de pago el deudor en procedimiento sumario hipotecario aquél vende la propiedad hipotecada, el adquirente en el remate no tiene forzosamente que seguir pleito alguno contra el comprador del inmueble; vista la sección 2 de la ley para la ejecución de sentencias (Comp. 5296) y la autoridad que crea el artículo 36 del Código de Enjuiciamiento Civil, el conflicto puede resolverse aplicando el procedimiento del artículo 71 de la Ley Hipotecaria."

*Se confirma la nota recurrida.*

El Juez Asociado Señor Códova Dávila no intervino.