SOLEDAD RODRÍGUEZ y SALVADOR y OLGA ACOSTA RODRÍGUEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1123.—*Sometido:* Julio 7, 1943. *Resuelto:* Julio 19, 1943.

*Ismael Soldevila,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Soledad Rodríguez, por sí y en representación de sus hijos menores Salvador y Olga Acosta Rodríguez, radicó en la Corte de Distrito de San Juan el día 14 de febrero de 1933 demanda en cobro de dinero en contra de José Suárez García y Dolores Acosta López. En la misma fecha la corte inferior dictó una orden dirigida al Registrador de la Propiedad de San Juan, Sección Segunda, "para que de la demanda presentada tomara nota o aviso al margen de la inscripción de la finca sujeta al pago de la obligación reclamada en dicha demanda, para así asegurar la efectividad de la sentencia que a favor de los demandantes pueda recaer". El secretario de la corte inferior expidió el mandamiento correspondiente dirigido al registrador con copia de la demanda, y dicho funcionario el 6 de marzo de 1933 se negó a cumplir con lo ordenado a virtud de la siguiente nota:

"Denegada la nota ordenada en el precedente mandamiento, porque la obligación que se reclama es de carácter personal, que no cubre el precepto del artículo 91 del Código de Enjuiciamiento Civil, y extendida en su lugar, nota por el término de 120 días que dispone

la ley, con vista de copia de la demanda, donde se describe la finca, al margen de la inscripción 2ª. de la finca número 17, folio 74 vto., tomo 1 de Río Piedras.''

El registrador para la fecha mencionada lo era el Sr. Emigdio S. Ginorio.

No fué hasta más de 10 años después, o sea en mayo 20 de 1943, que el actual registrador, Sr. J. López del Valle, notificó al presentante del documento, Lic. E. Soldevila, la nota denegatoria anteriormente transcrita y de la cual los demandantes en la acción en cobro de dinero antes mencionada interpusieron el presente recurso gubernativo el mismo día en que fueron notificados.

El actual registrador en su alegato sostiene que habiéndose tomado la nota denegatoria por un término de 120 días a contar del 6 de marzo de 1933, la misma debe considerarse cancelada y sin eficacia legal alguna desde hace diez años por ministerio de la ley y cita los casos de *Antonsanti* v. *Registrador,* 9 D.P.R. 190, y *Ramis et al.* v. *Registrador,* 18 D.P.R. 76.

Es cierto que en los dos casos mencionados se resolvió que las notaciones preventivas que de acuedo con la sección 7 de la Ley sobre Recursos contra las Resoluciones de los Registradores de la Propiedad de marzo 1 de 1902 toman dichos funcionarios cuando deniegan la inscripción o anotación de cualquier documento por defectos insubsanables, no tienen otro alcance que garantizar el derecho de los interesados en la inscripción o anotación del documento por el término de 120 días que duran sus efectos; pero esto no obstante, somos de opinión que de acuerdo con las secciones 1, 2 y 3 de la ley antes mencionada el recurso de autos fué presentado en tiempo. Dichas secciones disponen lo siguiente:

''Sección 1.—Cuando el registrador deniegue o suspenda alguna inscripción, anotación o cancelación, expondrá al pie del documento, clara y concisamente, los motivos legales de su negativa *y de ella notificará al interesado, quien firmará la notificación.*

"Sección 2.—Si éste, dentro del segundo día no recogiere el documento, el registrador lo enviará por el correo más próximo al Tribunal Supremo, quien dentro de diez días decidirá si aprueba o revoca la negativa del registrador, y al día siguiente se lo devolverá por correo al registrador para que cumpla la resolución dictada, acompañado de una copia de dicha resolución.

"Durante esos diez días el registrador, el interesado o su abogado, harán por escrito al tribunal las alegaciones pertinentes a su derecho.

"Sección 3.—Si el interesado recogiere el documento, *podrá presentarlo al tribunal dentro de los veinte días siguientes a la notificación de la negativa que debió hacerle el registrador* y se decidirá el recurso según dice la sección 2 de esta Ley." (Bastardillas nuestras.)

Si los recurrentes fueron notificados de la nota denegatoria del registrador diez años después, pero entablaron su recurso dentro del término señalado por la sección 3, supra, somos de opinión que tienen derecho a que revisemos la corrección de la nota recurrida, *Cf. Sociedad Agrícola de Gurabo* v. *Registrador,* 18 D.P.R. 818; *Molfulleda* v. *Registrador,* 18 D.P.R. 830; *Porrata* v. *Registrador,* 26 D.P.R. 298, especialmente si tomamos en consideración el hecho de que esta corte ya resolvió la cuestión en forma contraria a la expuesta por el registrador en su nota.

Al efecto, la acción sobre cobro de dinero entre Soledad Rodríguez, *et al.* v. José Suárez García y Dolores Acosta López, y en la cual se expidió la orden que dió lugar a la nota denegatoria del registrador, llegó a esta corte en apelación al haberse desestimado la demanda a base de una excepción previa presentada por el demandado Suárez y esta corte al revocar dicha sentencia en *Rodríguez* v. *Suárez,* 48 D.P.R. 289, resolvió, según tomamos del sumario, que "La mención en el registro de la obligación de pagar un crédito impuesta al adjudicatario de propiedad en unas operaciones particionales, es de naturaleza real y perjudica a tercero.". Al revocarse la sentencia se hizo concediendo permiso a la parte demandante para archivar una demanda enmendada. La

sentencia de esta corte fué dictada en marzo 21 de 1935 e ignoramos los trámites que haya seguido el caso desde dicha fecha pero es de suponerse que la acción esté aun pendiente cuando los recurrentes insisten en que la anotación de su demanda se efectúe en el registro.

Arguye el registrador que "en el supuesto de que el aviso de demanda, en vez de denegarse (con o sin razón) hubiera sido inscrito, ya había transcurrido más de dos veces el término que fija la ley para que cualquier interesado hubiera podido solicitar la cancelación por prescripción del derecho que garantiza dicha nota". No podemos resolver el caso por meras especulaciones de lo que hubiera podido hacer cualquier parte interesada si el aviso de demanda hubiera sido anotado. Aceptamos que habiendo transcurrido más de cuatro años se hubiera podido solicitar su cancelación, *Aguilar* v. *Registrador,* 57 D.P.R. 610; *Sucn. Trías* v. *Registrador,* 59 D.P.R. 460, empero, no habiéndose hecho la anotación, es obvio que no ha podido ejercitarse el derecho.

*Por los fundamentos expuestos en la opinión de esta corte en el caso de Rodríguez v. Suárez, supra, procede revocar, y se revoca, la nota recurrida y se ordena la anotación solicitada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.