L. DERSHOWITZ & CO., INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

*Número:* O-76-368    *Resuelto:* 11 de octubre de 1976

*Frank Carbó* y *Víctor J. Pagán,* abogados de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En el Registro de la Propiedad, Sección de Bayamón, fue presentado el 3 de mayo de 1976 un mandamiento del Tribunal de Distrito (San Juan) en su caso Civil Núm. 71-4542 sobre cobro de dinero seguido por Dershowitz & Co., Inc., demandante, contra Carlos Quiñones y Karis Joyeros, demandados que en lo pertinente dice:

"ORDEN: Vista la moción del demandante solicitando se declare NULA la Escritura 108 de Compraventa otorgada ante el Notario Benjamín Cintrón Rodríguez por el demandado Carlos Quiñones a favor de Gonzalo Jusino y Ana Jusino sobre la propiedad que se describe como sigue:

URBANA [descrita allí in extenso consistente en solar de 341.55 m/c y casa vivienda en Urb. Santa Rosa, Bayamón].

El Tribunal accede a lo solicitado y por la presente ordena al Señor Registrador de la Propiedad de Bayamón, Sección Primera que cancele en los libros del Registro a su cargo la anotación de la enajenación y traspaso de la descrita propiedad, a los esposos Jusino."

Se presentó asimismo mandamiento de ejecución de sentencia en el referido pleito, en que se ordena al Alguacil que em-

bargue y saque a subasta bienes de los demandados Carlos Quiñones y Karis Joyeros para satisfacer un balance de $1,760.80 de la sentencia contra ellos dictada el 31 de enero de 1972. (¹)

A la fecha de presentación de estos documentos la finca urbana afectada por dichos mandamientos de cancelación de traspaso y de ejecución aparecía inscrita a favor de Ana Jusino, viuda de Gonzalo Jusino, persona distinta a las que figuran como partes en el pleito. Denegó el Registrador la inscripción fundando su nota en falta de documentos complementarios que acrediten la jurisdicción del tribunal que emitió dichos mandamientos, especialmente su jurisdicción sobre la titular registral Ana Jusino que no es parte en el pleito, y por no acompañarse la sentencia dictada en el mismo.

El Art. 20 de la Ley Hipotecaria (30 L.P.R.A. sec. 45) ordena que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales, deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen. La falta de tracto sucesivo aparece como suficiente obstáculo a la inscripción que pretende la recurrente, pero ésta le niega autoridad al Registrador para cuestionar la jurisdicción del tribunal invocando nuestra decisión en *Ruiz-Sierra* v. *Registrador*, 103 D.P.R.

---

(¹) Según surge del alegato del recurrente, siendo ya final y firme la sentencia contra Carlos Quiñones y Karis Joyeros el deudor Quiñones vendió la propiedad a los esposos Gonzalo y Ana Jusino, quedando inscrito a nombre de los mismos el 14 de marzo de 1973. Por esta razón le fue denegada a la recurrente una primera (anterior) anotación de embargo. Acudió el acreedor al tribunal y obtuvo una orden de prohibición de enajenar, la cual sí quedo inscrita. Más tarde el tribunal emite nueva orden declarando nula la escritura de compraventa entre Quiñones y los Jusino y ordenando la cancelación de la enajenación y traspaso. Con posterioridad a este procedimiento de nulidad murió el esposo comprador y al momento de solicitarse la actual inscripción aparecía inscrita a favor de la cónyuge viuda la totalidad de la finca.

578 (1975), emitida en una realidad jurídica procesal que ya·hoy no tiene vigencia, y cuyos hechos son distintos. En *Ruiz-Sierra* no consideramos necesario acreditar con complementarios que la mujer casada había sido incluida como demandada y emplazada en pleito que nombraba a su esposo como demandado y en el que se originó un mandamiento judicial que afectaba una propiedad ganancial. Arts. 93 y 1312 Código Civil (31 L.P.R.A. secs. 286 y 3671); *Porto Rican Leaf Tobacco Co.* v. *Ereño*, 16 D.P.R. 100, 105 (1910); *Valiente & Cía.* v. *Corte*, 68 D.P.R. 529, 531 (1948).

■ Por Ley Núm. 100 de 30 de junio de 1975 se derogó la Regla 15.3 de Procedimiento Civil y se confirió a la mujer casada capacidad para defender su derecho como parte interesada en cuanto concierne al patrimonio conyugal. Posteriormente se aprobó la Ley Núm. 51 de 21 de mayo de 1976 que derogó el Art. 1312 del Código Civil (31 L.P.R.A. sec. 3671) [2] y confirió a ambos cónyuges la administración de los bienes de la sociedad mediante enmienda del Art. 93 [3] (31 L.P.R.A. sec. 286) que ahora dice: "Representante de la Sociedad Conyugal.—Salvo lo dispuesto en el Art. 91 (estipulación en contrario, en cuyo caso uno de los cónyuges otorgará mandato para que el otro actúe como administrador; o existencia de capitulaciones matrimoniales) cualquiera de los cónyuges podrá representar legalmente a la sociedad conyugal. Cualquier acto de administración unilateral de uno de los cónyuges obligará a la sociedad legal de gananciales y se presumirá válido a todos los efectos legales."; y se enmendó el Art. 1313 (31 L.P.R.A. sec. 3672) al que se le dio el siguiente nuevo texto:

"Consentimiento de ambos esposos. No obstante lo ·dispuesto en el Artículo 91, ninguno de los dos podrá donar, enajenar,

---

[2] Disponía el Art. 1312 que el marido fuese el administrador de la sociedad de gananciales.

[3] Declaraba el Art. 93: El marido es el representante legal de la sociedad conyugal.

ni obligar a título oneroso, los bienes muebles e inmuebles de la sociedad de gananciales, sin el consentimiento escrito del otro cónyuge, excepto las cosas destinadas al uso de la familia o personales de acuerdo con la posición social o económica de ambos cónyuges.

Todo acto de disposición o administración que sobre dichos bienes haga cualquiera de los cónyuges en contravención a este artículo, y los demás dispuestos en este código, no perjudicará al otro cónyuge ni a sus herederos.

El cónyuge que se dedicare al comercio, industria, o profesión podrá adquirir o disponer de los bienes muebles dedicados a esos fines, por justa causa, sin el consentimiento del otro cónyuge. No obstante, será responsable por los daños y perjuicios que pudiere ocasionar por dichos actos a la sociedad legal de gananciales. Esta acción se ejercitará exclusivamente en el momento de la disolución de la sociedad legal de gananciales."

Ha surgido un nuevo estado de legislación, tanto sustantiva como procesal, que erige la mujer a una posición de igualdad respecto al gobierno y disposición de los bienes gananciales y representación legal de su interés que supera la razón de decidir en *Ruiz-Sierra,* y en los casos que le antecedieron. El nuevo ordenamiento, se aclara, gobierna las situaciones que surjan a partir de su vigencia, sin que se afecten derechos adjudicados bajo el anterior estado de ley y de jurisprudencia.

El Registrador ahora recurrido, en ejercicio de su facultad calificadora, puede cuestionar la jurisdicción del tribunal para adjudicar derechos de la titular Ana Jusino, si el mandamiento presentado proveniente de pleito en el cual no es parte, ninguna luz hace respecto a haber sido ella, o aun su marido Gonzalo Jusino, citados o emplazados de una moción sobre nulidad de escritura, especialmente cuando pronunciamiento de tal trascendencia aparece relatado como efímero incidente procesal(⁴) interlocutorio. *Báez* v. *Regis-*

---

(⁴) En su alegato la recurrente informa que en un solo día (11 de febrero de 1976) obtuvo del tribunal una *orden* declarando nula la escri-

*trador*, 74 D.P.R. 813, 815 (1953). Por haber advenido la mujer casada a la coadministración de la sociedad conyugal, rota por las Leyes Núm. 100 de 1975 y Núm. 51 de 1976 citadas, la solidaridad procesal que sumergía su personalidad de parte propia demandada en la defensa de su interés por el marido, ella es ahora parte realmente interesada con derecho a ser oída en toda acción civil que afecte los bienes de la sociedad de gananciales. *Cf. Carrero Suárez* v. *Sánchez López*, 103 D.P.R. 77 (1974). *Manrique* v. *Registrador*, 51 D.P.R. 787 (1937).

"En el aspecto de calificación registral de resoluciones judiciales hay que destacar que si bien los Registradores no pueden entrar a calificar el *orden riguroso del procedimiento* que dé lugar a actos en principio registrables, no obstante si que la función calificadora del Registrador se extiende a la materia relativa a *notificaciones o citaciones* de la persona que sea titular registral del dominio o derecho real limitado y que haya de resultar afectada o perjudicada por el asiento ordenado o dimanante de la Autoridad judicial.

No es suficiente que por exigencias del principio de tracto sucesivo el Registrador pueda rechazar la inscripción de una resolución judicial o una anotación preventiva contra una persona que no figure como titular registral del derecho correspondiente, sino que, aun cumplido el requisito de la previa inscripción, es necesario que el procedimiento se haya seguido contra el titular según el Registro legalmente *citado, notificado o emplazado,* es decir, que por ser *parte* en el procedimiento haya sido éste dirigido correctamente contra él, pues las leyes de procedimientos y normas adjetivas o procesales complementarias, incluso de nuestra legislación hipotecaria, imponen dicho enlace o conexión procesal, como garantía indeclinable de los derechos de los interesados, los cuales de figurar inscritos a su favor en el Registro, se hallan bajo la salvaguardia especial de los Tribunales, . . . ." (Énfasis en el original.) Roca Sastre, *Derecho Hipotecario*, Tomo 2, págs. 256–7, Sexta Edición (1968).

---

tura de venta a los Jusino y otra *orden* y mandamiento al Registrador para que cancelara la inscripción provocada por la escritura anulada.

■ La función calificadora del Registrador de la propiedad inmueble tiene la naturaleza propia de los actos de jurisdicción voluntaria, si bien con algunas particularidades que la singularizan, una de las cuales es que la misma es ejercida por un funcionario administrativo, cual es el Registrador de la Propiedad.[5] Es función trascendente sin la cual no podría cumplirse el principio de legalidad que gobierna el sistema inmobiliario registral. La calificación es la facultad por excelencia del Registrador que al ejercitarla realiza el propósito de que el Registro encierre sólo actos válidos y derechos perfectos. El relajamiento o demérito de esa facultad que adicionalmente es deber, pues el Art. 18 de la Ley Hipotecaria (30 L.P.R.A. sec. 43) ordena al Registrador calificar "bajo su responsabilidad", conduce a la desintegración de los principios de legitimación y de fe pública registral y con ello a la erosión de la garantía de verdad y seguridad para quien contrata sobre la base de lo que consta en el Registro. Faltando esa condición, dice Morell,[6] los fines del Registro quedarían anulados y todo tercero se retraería de contratar ante el fundado temor de perder los derechos adquiridos, o de poderle ser disputados, con grave daño del crédito territorial. *Confirmada.*

---

[5] Roca Sastre, *opus cit.* pág. 246.

[6] Morell y Terry, *Legislación Hipotecaria,* Tomo 2, pág. 252, Segunda Edición (1927).