Crehore, Recurrente, v. El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama, denegando la inscripción de una escritura de arrendamiento de condominios.

No. 337.—Resuelto en noviembre 20, 1917.

Expediente Posesorio—Bienes Privativos—Manifestaciones en el Escrito Inicial—Presunción de Bienes Gananciales.—Varias personas acreditaron su derecho de posesión en concepto de dueños de cierta finca rústica y lo inscribieron en el registro. Dos de esas personas eran casadas y manifestaron que habían adquirido su derecho a título de herencia. *Se resolvió:* que esa sola manifestación hecha en un expediente posesorio, no era bastante para destruir la presunción de gananciales que dichos bienes tenían por haber sido adquiridos en constante matrimonio.

Arrendamiento—Bienes Gananciales—Consentimiento Expreso.—Cuando se arrienda un bien inmueble perteneciente a una sociedad de gananciales, por término de diez y siete años, se necesita el consentimiento de ambos socios.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. José Tous Soto y José C. Ramos.*

El registrador recurrido Sr. Augusto Malaret, compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 3 de junio de 1917 once personas condueñas de nueve vigésimas partes de la hacienda "Carmen," situada en Salinas, comparecieron ante el notario público José Tous Soto, por medio de apoderado, y arrendaron sus condominios a Charles L. Crehore por término de diez y siete años. Presentada la escritura en el registro, el registrador denegó su inscripción en cuanto a los condominios pertenecientes a dos de los condueños, a saber: Federico y Elena Antoni Antonetti que inscribieron su derecho originalmente "a virtud de expediente posesorio tramitado en la Corte Municipal de Salinas, siendo el estado civil de ambos el de casados, por no comparecer ahora sus respectivos consortes a prestar el debido consentimiento." La nota del registrador, que es de

fecha agosto 30, 1917, abarca otros extremos, pero sólo el expresado fué objeto de este recurso según se consignó en el escrito interponiéndolo de 23 de agosto de 1917.

El registrador en su escrito de septiembre 16, 1917, cita en apoyo de su negativa el caso de *Delgado* v. *Registrador,* 22 D. P. R. 125 y el recurrente sostiene en su alegato de 9 de octubre, 1917, que la jurisprudencia invocada por el registrador no es aplicable porque si bien consta del registro que al inscribir su derecho Federico y Elena Antoni Antonetti eran casados, también consta del mismo que lo adquirieron por herencia, tratándose en tal virtud nó de bienes gananciales, sino privativos.

Según consta de una certificación expedida por el registrador, los indicados condueños inscribieron sus condominios en el registro, siendo casados, a virtud de un expediente posesorio en cuyo escrito inicial se consignó que los habían adquirido a título de herencia. Tal manifestación hecha en un expediente de tal clase, no es bastante para destruir la presunción de gananciales que tienen los bienes adquiridos por cualquiera de los cónyuges en constante matrimonio, de acuerdo con la ley y la repetida jurisprudencia de esta corte.

En el caso de *Besprés* v. *El Registrador,* 14 D. P. R. 621, la corte, por medio de su presidente Quiñones, dijo: "* * * con arreglo al artículo 1322 del Código Civil vigente, 'se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer'; y * * * no pudiendo estimarse como prueba concluyente del título de adquisición de unos inmuebles las declaraciones hechas por uno de los cónyuges en un informativo posesorio en perjuicio de los derechos que sobre dichos bienes pueden asistirle al otro cónyuge que no tuvo intervención en el informativo; mientras no se pruebe de una manera fehaciente la efectividad de dicho título debe estarse al precepto del artículo citado del código y estimarse por consiguiente de la sociedad conyugal los bienes inscritos a virtud del expresado informativo."

Igual doctrina se sostuvo en el caso de *Boscio* v. *El Registrador,* 14 D. P. R. 624 y se ratificó en el de Delgado, *supra.* En este último caso, la corte, por medio del Juez Asociado Wolf, se expresó así: ''El objeto del procedimiento (expediente posesorio) es sencillamente el de acreditar el título posesorio del peticionario. La presunción de que los bienes adquiridos durante el matrimonio son gananciales no puede ser contradicha en un procedimiento en el cual no es parte la esposa y en el que el fin manifiesto es establecer la posesión. Dicha posesión puede ser declarada a favor de uno u otro de los esposos, bien que los bienes sean gananciales o privativos. La jurisdicción del juez no va más allá de la declaración del título posesorio. La acción de un peticionario en lo que respecta a los derechos del otro esposo constituye *res inter alios acta* y no puede tener efecto obligatorio.'' *Delgado* v. *Registrador,* 22 D. P. R. 125, 127.

Por virtud de todo lo expuesto es necesario concluir que del registro no consta de modo decisivo que los condominios arrendados por Federico y Elena Antoni Antonetti les pertenezcan exclusivamente. Tal como se verificó la inscripción, dejó subsistente la presunción de que dichos bienes son gananciales y siendo esto así estuvo justificado el registrador al negarse a inscribir el contrato de arrendamiento por término de diez y siete años por ellos celebrado sin el consentimiento expreso de sus respectivos consortes. Véase el párrafo último del artículo 159 del Código Civil revisado y la decisión de esta corte en *R. Fabián & Cía.* v. *Registrador de San Juan,* 22 D. P. R. 801.

Debe confirmarse la nota recurrida en la parte en que lo ha sido.

> *Confirmada la nota recurrida en la parte en*
> *que lo ha sido.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.