DELGADO, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de venta judicial.

No. 514.—Resuelto en mayo 11, 1922.

INSCRIPCIÓN CONSENTIDA — BIENES GANANCIALES — BIENES PRIVATIVOS. — Inscrita una propiedad como ganancial, en tanto esa inscripción permanezca sin cancelar el estado legal creado por tal asiento, sea o no verdadero, debe considerarse *prima facie* correcto para los fines de inscripción.

Los hechos están expresados en la opinión.

El recurrente y el recurrido comparecieron por escrito.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de San Juan en el curso de una administración judicial a petición de doña Obdulia Sosa viuda de González y administradora judicial de los bienes de Isaías González, ordenó la venta de una participación indivisa en cierta propiedad inmueble.

Después de una venta en subasta pública el marshal otorgó escritura a favor del postor que obtuvo la buena pro, habiendo sido denegada la inscripción de la referida escritura por el Registrador de la Propiedad, por los motivos que se pasan a transcribir:

"DENEGADA la inscripción del precedente documento con vista de

otros, por los siguientes defectos: primero, porque teniendo según el registro la presunción de ganancial el condominio que se vende, debe resultar en cuanto al conyuge viudo que exista, ya el consentimiento expreso para la venta, o ya la ejecución de la misma por él en cuanto a sus derechos, requisito que no aparece cumplido en este caso no resultando qué relación tenga con el causante la administradora judicial doña Obdulia Sosa viuda de González, y cuya presunción de gananciales nace de los hechos siguientes: que una parte del condominio se dijo que fué adquirido por el causante a título oneroso sin que resultase la calidad de bienes propios acreditada, y que si bien se expresó en la información de dominio mediante la cual se inscribió el condominio que parte de él había sido adquirido por herencia en la propia inscripción consignó uno de los anteriores registradores, y así quedó consentido, que no daba carácter privativo a la adquisición, por no haber intervenido en la tramitación el cónyuge del promovente a consentir en esa declaración, debiendo considerarse subsistente tal inscripción en todos sus extremos mientras no se rectifique o anule con las formalidades legales. Segundo, que el condominio de referencia aparece inscrito a favor del causante, persona distinta de su sucesión en este caso, siendo preciso que lo sea a nombre de la misma, de conformidad con el artículo 20 Ley Hipotecaria; pues no se acredita para prescindir de tal inscripción que la citada herencia se encuentre yacente, toda vez que la certificación del secretario de la corte de distrito que se acompaña no es concluyente sobre el particular, porque para apreciar ese estado solamente se funda dicho funcionario en que no se había tramitado declaratoria de herederos, cuyo solo hecho no lo decide, porque de la escritura presentada resulta que la herencia se puso en administración judicial, sin expresarse qué carácter tiene quien la promovió, si el de acreedora, viuda o heredera, ni que la herencia haya sido renunciada, debiendo en tal caso presumirse que la solicitud de administración, la cual no se dice ser provisional, envuelve un acto de aceptación, no resultando en este caso los motivos tenidos en cuenta para dicha administración, previstos en los artículos, 23, 24, 25 de la Ley sobre Procedimientos Legales Especiales; y en el caso de que la administradora fuera la viuda, quedaría más fundado aun el defecto relativo a no ser yacente la herencia, porque la viuda sería, aun cuando no se hubiera tramitado declaratoria de herederos, una presunta heredera, bien usufructuaria, o bien en el grado que la considera el Código Civil heredera en propiedad, siendo entonces imprescindible que se tramite e inscriba previamente el derecho de sucesión, en el caso de

que hubiera personas con derecho a heredar, tendría derecho a esta herencia El Pueblo de Puerto Rico y no resulta tampoco que éste haya sido notificado del procedimiento, habiéndose tomado en su lugar anotación preventiva por el término legal, al folio 112 vuelto del tomo 17 de Carolina, finca número 731, anotación letra A, en la que además se ha consignado el defecto subsanable de no expresarse el nombre y apellido de la esposa del comprador; y se ha practicado con sujeción al también subsanable consignado en la inscripción primera de la finca total, consistente en no haber quedado consentida originalmente cierta determinación de condominios entre los cuales se encuentra el que se vende.   Todo con arreglo a los artículos citados y a lo resuelto por el Hon. Tribunal Supremo en el tomo 18, pág. 260; tomo 19, pág. 1012, y tomo 28, pág. 394.''

El recurrente alega como errores cometidos por el registrador recurrido, los siguientes:

''En cuanto al primer defecto, el haber calificado dicho registrador, como bienes gananciales el derecho que se transmite por la escritura de venta y que consta inscrito a favor del causante como bien privativo a virtud de expediente de dominio debidamente tramitado ante la Corte de Distrito de San Juan.

''El segundo defecto que señala el registrador recurrido en su nota consiste en estimar infringido el artículo 20 de la Ley Hipotecaria, exigiendo la inscripción previa a favor de la sucesión del causante, prescindiendo dicho registrador del carácter de *yacente* que tiene la herencia.

''Este defecto carece de eficacia legal por lo siguiente:

''1°. Porque la venta del inmueble en cuestión fué ordenada por la corte en un procedimiento ex-parte sobre administración judicial de los bienes del causante.

''2°. Porque el procedimiento en el cual se ordenó la venta no es de los que pueden seguirse contra la sucesión del causante, y sí, solicitados por la propia sucesión.

''3°. Porque el registrador tuvo a la vista un certificado de la corte en el cual el secretario de la misma hace constar que según consta de los autos del caso el marshal de dicho tribunal efectuó la venta a favor del aquí recurrente, *asumiendo la personalidad del finado Isaías González Cruz.*

''4°. Porque según dicho certificado la herencia estaba *yacente* y la *venta se llevó a cabo a favor del recurrente para dar fin a la administración del finado Isaías González Cruz.*''

El asiento de la inscripción de dominio a que se refiere el recurrente es en parte como sigue:

"Don Manuel González Cruz, mayor de edad, casado, vecino de Carolina, acudió a la Corte de Distrito de San Juan, Sección Primera, con fecha veintinueve de octubre de mil novecientos catorce solicitando se declarase a su favor y de su hermano don Isaías González Cruz, también casado, mayor de edad y vecino de Carolina, y de su sobrino don Enrique Mayol González, menor de edad, soltero y del mismo vecindario, el dominio de esta finca y dos más que cita la nota marginal, manifestando que la presente les corresponde en común proindiviso así: a Enrique Mayol González diez cuerdas setenta céntimos; a Isaías y Manuel González Crúz, a cada uno, veintiséis cuerdas setenta y cinco céntimos, al primero por herencia de su madre Emma, que a su vez la heredó en mil ochocientos noventa y siete de su madre Micaela Cruz Trabot, y de ésta y como hijos legítimos también heredaron Manuel e Isaías, cada uno cinco cuerdas treinta y cinco céntimos; y el resto de cuarenta y dos cuerdas ochenta céntimos por compra a Cosme Cruz en el año mil ochocientos noventa y ocho, y a Mariano Cruz en el año mil novecientos dos, hermanos de Micaela Cruz, habiendo adquirido toda la finca estos tres últimos por herencia de su madre Juana Francisca Trabot, poseyéndola más de treinta años * * * * Declararon como testigos Cristino Díaz Mundo y Martín Rodrigo, y aunque manifestaron que estas fincas fueron adquiridas por herencia, se observa que la corte declaró con lugar la moción, en la que, respecto a esta finca, resulta la adquisición por compra y herencia. Por tanto, la corte, en orden de fecha veintiocho de mayo de mil novecientos quince, del juez don Félix Córdova Dávila, ante el secretario don Celestino Marrero, que se dice ha quedado firme, declaró con lugar la moción inicial, y justificado el dominio de ésta y las dos fincas del margen a favor de don Manuel y don Isaías González Cruz y don Enrique Mayol González, ordenando su inscripción; siendo casados los condueños don Manuel y don Isaías González Cruz y no habiendo intervenido en el procedimiento sus respectivas esposas no es posible dar a las participaciones o cuerdas que manifiestan adquiridas por herencia, el carácter de bienes privativos, y por consiguiente deben presumirse gananciales. EN SU VIRTUD, don Manuel y don Isaías González Cruz y don Enrique Mayol González, inscriben en común proindiviso y en las proporciones expresadas el dominio de

esta finca, con el defecto subsanable de no acreditarse la representación del don Manuel González Cruz, no quedando por tanto consentido por los demás condueños la determinación de partes que ha hecho aquél. Todo lo referido consta de una certificación fecha trece de julio de mil novecientos quince expedida por el subsecretario de la corte don Francisco Negroni, comprensiva de la orden ameritada, * * * * Y se hace constar, que, además se consigna el defecto subsanable de no expresarse los nombres y apellidos de las esposas de los condueños don Manuel y don Isaías González Cruz.''

No consta de este asiento, como afirma el recurrente, que el derecho de Isaías González fué inscrito como de su propiedad privativa. De los autos no aparece que la corte intentó resolver la cuestión del dominio privativo. Ni siquiera indican que la petición contenía alguna súplica para tal calificación del título. Los autos sí muestran que Isaías González compareció en el procedimiento como casado y que había adquirido la mayor parte de la participación en cuestión a virtud de compra. Dentro de las circunstancias del caso el mero hecho de haber declarado ciertos testigos que la propiedad había sido adquirida por herencia apenas si hubiera justificado su inscripción como bien privativo de haberse solicitado tal inscripción.

Pero de todos modos la participación no fué inscrita como propiedad privativa, sino que fué expresamente calificada por el registrador *prima facie* como ganancial, y no interpuso recurso contra la resolución. En tanto la inscripción practicada entonces permanece sin cancelar por virtud de un mandato judicial, el estado legal creado por el asiento original sea o no en realidad verdadero debe considerarse para los fines de inscripción como correcta *prima facie. Dávila* v. *El Registrador de Caguas,* 28 D. P. R. 197.

En el caso de *Arias et al.* v. *El Registrador,* 19 D. P. R. 1177, esta corte resolvió (la cita es del sumario) que: ''Habiendo sido inscrita una hipoteca en el registro de la propiedad a favor de un cónyuge como bien privativo de él ha-

ciendo constar en la inscripción las manifestaciones hechas por el apoderado del cónyuge que prestó el dinero en el sentido de que el mismo era de su exclusiva pertenencia y procedió de bienes que aportó al matrimonio, no es posible prescindir de los efectos legales de esa inscripción, y el registrador no puede luego denegar la inscripción de la escritura de cancelación de esa misma hipoteca por no haber prestado su consentimiento el otro cónyuge a dicha cancelación.''

La misma regla se aplicaría *a fortiori* a una inscripción de propiedad inmueble como propiedad ganancial, pues la inscripción en tal caso no descansa solamente en una base técnica sino que también está sostenida por la presunción legal que lleva consigo toda propiedad que se encuentre en posesión de cualquiera de los esposos.

La única autoridad citada en apoyo del segundo señalamiento de error es el caso de *Passalacqua Hermanos & Cía.* v. *El Registrador,* 6 D. P. R. 42, donde se hace referencia a la anterior doctrina de la Dirección General de que '' sin más excepción que en los casos de la herencia yacente, debían inscribirse a nombre de los herederos del deudor los bienes vendidos o adjudicados mediante procedimiento judicial para pago de deudas, antes de hacerse la inscripción a favor del comprador o del adjudicatario.''

Pero por las razones aducidas por el registrador la conclusión legal certificada por el secretario de la corte de distrito no establece el hecho, si lo es, de que en el caso de autos la herencia es yacente. Véanse también los casos de *Amy* v. *Aponte,* 29 D. P. R. 145 y *Armstrong & Cía.* v. *Irizarry,* 29 D. P. R. 606.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.