RAMÓN DELGADO LÓPEZ Y CANDELARIA DELGADO LÓPEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 688.—*Sometido:* Noviembre 7, 1927.   *Resuelto:* Diciembre 21, 1927.

1. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN—BIENES ADQUIRIDOS POR TÍTULO HEREDITARIO—FALTA DE PAGO DE LOS DERECHOS DE HERENCIA.—Acreditado el dominio de una finca adquirida por título de herencia, el hecho de que tal propiedad sea de poco valor y la contribución de herencia sea pequeña no justifica la inscripción del título de dominio cuando los derechos de herencia no se han pagado, aún cuando, no se hayan instruído los procedimientos necesarios para el cobro de tales derechos prescritos por el artículo 376 del Código Político.

2. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—FACULTADES DEL REGISTRADOR—CALIFICACIÓN DEL TÍTULO EXPEDIDO POR LA AUTORIDAD JUDICIAL—RESOLUCIÓN

Aprobatoria del Dominio.—En los informativos de dominio de bienes adquiridos por título de herencia la cuestión del pago de los derechos de herencia no es una obligatoria para el registrador.

Nota de *Lemuel Marqués*, R. (Caguas), negando inscripción de una resolución dictada en un informativo de dominio. *Confirmada.*

*Andrés Mena*, abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Corte de Distrito de Humacao expidió a los recurrentes una certificación de título en un expediente de dominio y la orden de la corte demostraba que los recurrentes adquirieron la propiedad de su madre por herencia. El Registrador de Caguas se negó a hacer la inscripción fundándose en que no se había demostrado que se pagara un derecho de herencia sobre la propiedad, tal como la exige la ley.

Los recurrentes dicen que se trata de un caso de *de minimus non curat lex,* toda vez que la propiedad solamente valía setenta dólares y por tanto la contribución sería pequeña. En materia de contribuciones no vemos razón alguna para la aplicación de la máxima. Generalmente se aplica cualitativamente, como cuando los derechos no son importantes, y con más rareza cuantitativamente.

El artículo 376 del Código Político dispone como sigue:

"Art. 376.—Todas las contribuciones impuestas por virtud del Capítulo III de este título serán ingresadas en la Tesorería de Puerto Rico por los administradores, albaceas, fideicomisarios u otras personas que administren los bienes sujetos al pago de dichas contribuciones; y todos los referidos administradores, albaceas, fideicomisarios o personas serán responsables por dichas contribuciones, con intereses, como más adelante aquí se prescribe, hasta que las mismas hayan sido satisfechas. Dichas contribuciones serán devengadas y pagaderas inmediatamente, después del fallecimiento de un poseedor de bienes, o constituirán desde luego un gravamen sobre tales bienes, y seguirán siendo gravamen hasta que se satisfagan. Si dichas contribuciones no se pagan dentro de diez días contados desde la presentación del recibo de contribuciones, el Tesorero exigirá al correspondiente albacea, administrador, o fideicomisario

fianza del doble del montante de dichas contribuciones vencidas que se adeudan, la cual garantice el pago total y saldo de dichas contribuciones, en la forma y dentro del plazo que por esta ley se establecen; y el Tesorero está autorizado para embargar la propiedad de dicho fallecido, sujeta al pago de contribución, hasta tanto que se haya prestado la antedicha fianza. Si dichas contribuciones no se pagasen dentro de un año, contado desde el expresado fallecimiento, se cargarán y se cobrarán intereses sobre ellas, al tipo de diez por ciento; y si dichas contribuciones no se pagasen dentro de los diez y ocho meses contados desde el fallecimiento, será obligación del Fiscal del distrito en donde dichas contribuciones quedaron en descubierto, instruir los procedimientos necesarios para su cobro, al recibir oportuno aviso del Tesorero de no haberse pagado.''

Bajo este artículo los recurrentes alegan que ha prescrito cualquier derecho que pudiera haber en su contra. Ellos admiten que el artículo 376 establece un gravamen, pero sostienen que el referido gravamen es más bien personal que real. Generalmente cuando la ley habla de gravámenes tiene en mente bienes inmuebles, especialmente por ser difícil imponer un gravamen sobre bienes muebles. El gravamen se aplica universalmente. Se crea un gravamen sin la necesidad de ejercitar una acción y por tanto no hay posibilidad de prescripción.

Los recurrentes dicen también que existe una presunción de regularidad al obtener de una corte una certificación de un título de dominio. Hay ciertas cuestiones de hechos resueltas por una corte al considerar una solicitud sobre expedientes de dominio que serían obligatorias para un registrador de la propiedad. El pago de contribuciones no es una de esas cuestiones. Por virtud del artículo 18 de la Ley Hipotecaria el registrador está obligado a calificar si se han cumplido con los requisitos de ley. De acuerdo con el artículo 12 de la Ley No. 99 del año 1925, se prohibe al registrador que inscriba cualquier documento en que estén envueltos bienes heredados, a menos que se haya pagado la contribución por herencia.

*Debe confirmarse la nota del registrador.*