JULIÁN AGAPITO, MARTÍN conocido por JUAN, CESÁREO, NATALIO, CARMELO, ALFONSA MARÍA, PABLO y MARINA LIND Y ANTUÑA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1186.—*Sometido:* Mayo 1, 1946. *Resuelto:* Mayo 20, 1946.

*Domínguez & Domínguez,* abogados de los recurrentes; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Por escritura de 11 de agosto de 1902 Dionisio Lind, manifestando ser casado, pero sin que se expresase el nombre de su cónyuge, adquirió cierta finca rústica por compra a Nepomuceno Ortiz. El 23 de septiembre de 1904 Lind contrajo matrimonio con Juana Antuna y habiendo fallecido ambos cónyuges, la Corte de Distrito de Guayama, por resolución de 28 de enero de 1946, declaró a los ocho hijos del matrimonio únicos y universales herederos de sus padres. Presentada la declaratoria de herederos al Registro de la Propiedad de Guayama interesando que se inscribiese una mitad indivisa de la citada finca a favor de los hijos por he-

rencia de su padre y la otra mitad a favor de los mismos por herencia de su madre Juana Antuna, el Registrador denegó la inscripción por los fundamentos expuestos en la siguiente nota que en lo pertinente dice:

"DENEGADA la inscripción del documento que precede . . . . en cuanto a una finca rústica de 5 cuerdas en el barrio Matón de Patillas que en dicho escrito se describe, por observarse, que la finca en este caso la adquirió el causante Dionisio Lind en estado de casado, sin expresarse el nombre de la esposa, el once de agosto de mil novecientos dos, por lo que dicha finca resulta inscrita a favor de una sociedad de gananciales no liquidada, distinta a la que formalizara el referido Dionisio Lind con Juana Antuna el veinte y tres de septiembre de 1904 en que contrajeron matrimonio . . . "

Los recurrentes solicitan la revocación de la nota fundándose en que en el auto de declaratoria de herederos la corte hizo constar que Dionisio Lind y Juana Antuna, con anterioridad al 23 de septiembre de 1904 fecha en que contrajeron matrimonio, vivieron en concubinato y procrearon cinco de los ocho hijos que fueron declarados herederos de sus padres

Si en efecto Lind era soltero cuando adquirió la finca, ésta le pertenecía privativamente en su totalidad, pues de conformidad con el art. 1296 del Código Civil, la sociedad de gananciales empieza precisamente el día de la celebración del matrimonio. Siendo ello así, la señora Antuna no tenía participación alguna en la finca y consecuentemente no podía ser inscrita la mitad proindivisa de la misma a favor de sus hijos como herederos de ella.

El abogado de los recurrentes insiste en que la nota del Registrador es errónea en cuanto asegura que la finca resulta inscrita a nombre de una sociedad de gananciales distinta de la formalizada por Dionisio Lind con Juana Antuna. A nuestro juicio el Registrador está acertado. [2] El hecho de que Juana Antuna viviera en concubinato con Lind en la fecha en que éste adquirió la finca, no es incompatible con la hipótesis de que estuviese casado con otra

mujer. Es verdad que la corte declaró en el auto de declaratoria de herederos que los primeros cinco hijos de Lind y Juana Antuna nacidos durante el concubinato quedaron legitimados por el subsiguiente matrimonio celebrado el 23 de septiembre de 1904. Esta circunstancia podría dar lugar a la inferencia de que cuando nacieron dichos cinco hijos Lind era soltero.(1) Pero, aparte de que [3] la seguridad del Registro de la Propiedad requiere que sus operaciones no estén basadas en meras especulaciones o inferencias, [4] no era dentro del procedimiento *ex parte* de la declaratoria de herederos donde podía determinarse si Dionisio Lind era o no soltero cuando adquirió la finca, habida cuenta que del Registro constaba que para esa fecha era casado. Si en efecto era casado en esa fecha los derechos de su entonces cónyuge, o de los herederos de ésta, no pueden ser perjudicados sin darles una oportunidad de ser oídos. Mientras una providencia judicial válida no declare taxativamente que Lind era soltero en 1902, tenemos que convenir con el Registrador que la finca resulta inscrita a nombre de una sociedad de gananciales que no ha sido liquidada.

*Procede confirmar la nota recurrida.*

---

(1)De conformidad con la legislación vigente hasta 1945 los hijos adulterinos no quedaban legitimados por el subsiguiente matrimonio de sus padres, art. 119 del Código Civil.