CARLOS MERCADO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1221.—*Sometido:* Noviembre 5, 1947. *Resuelto:* Febrero 5, 1948.

*Carlos D. Vázquez,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Doña Justina Ortiz Rodríguez y sus hijos Dolores, Manuel, Marcos, Heriberto, Julia y Ramón Encarnación Ortiz eran dueños en común proindiviso del inmueble relacionado con este recurso, el cual se encontraba inscrito en el Registro de la Propiedad. Dicho Manuel Encarnación, por sí y

como apoderado de su señora madre Justina Ortiz, de sus hermanos Marcos, Heriberto, Julia y Ramón, y de las hijas de Dolores Encarnación (fallecida) nombradas Ana María y América García, vendió la finca a Angela Vaello quedando inscrita a favor de la compradora excepto en cuanto a la participación que en la misma correspondía a Doña Dolores, por no hallarse la misma inscrita a nombre de sus citadas hijas o herederas, Ana María y América García. Posteriormente, la Sra. Vaello vendió la finca a los esposos Arístides Torres y Helvetia Flores, a cuyo nombre quedó inscrita la misma, con excepción del mencionado condominio inscrito a favor de Dolores Encarnación Ortiz. Más tarde los esposos Torres Flores vendieron la totalidad de la indicada finca a Isolina Collazo, casada con Carlos Mercado, por precio de $566 declarando la compradora que el dinero pagado era privativo de ella por haberlo heredado de su padre, Regino Collazo González. La finca quedó inscrita a favor de Isolina Collazo con carácter privativo, pero con el defecto subsanable de no haberse acreditado la procedencia privativa del dinero. Se denegó la inscripción en cuanto al condominio que aparecía inscrito a favor de Dolores Encarnación Ortiz.

A solicitud de Carlos Mercado, en un procedimiento *ex parte* sobre información de dominio, la Corte de Distrito de San Juan declaró que Carlos Mercado es dueño de la finca objeto del presente recurso; que la adquirió estando casado con Isolina Collazo, por compra que hiciera a los esposos Torres-Flores; éstos de Angela Vaello; ésta de los condóminos Justina Ortiz y sus hijos Manuel, Marcos, Heriberto, Julia y Ramón Encarnación y Ana María y América García, las dos últimas como únicas y universales herederas de Doña Dolores Encarnación. La corte ordenó la cancelación de la inscripción del condominio de Dolores Encarnación, y la inscripción total del inmueble a favor de Carlos Mercado.

Presentada para su inscripción la citada resolución, el Registrador denegó la misma expresándose de la manera siguiente:

"Denegada la inscripción de la precedente resolución (información de dominio), por cuanto ordena inscribir la totalidad de la finca descrita en dicha resolución a favor de Carlos Mercado, tomándose en su lugar anotación preventiva por 120 días, de acuerdo con la ley, al folio 54 vto. del tomo 65 de Santurce Sur, finca 2709, anotación letra "A", por los fundamentos siguientes:

1. Dicha finca, con excepción de un condominio indiviso inscrito a favor de Dolores Encarnación Ortiz, consta inscrita, en cuanto a las demás participaciones indivisas, con carácter privativo, a favor de Isolina Collazo, casada con Carlos Mercado, sin que se haya seguido el procedimiento · de ley para convertir o transmutar en ganancial la parte que con el citado carácter privativo adquiriera la supradicha Isolina Collazo.

2. La inscripción de la finca a favor de Carlos Mercado, según lo ordena la Corte, conlleva o entraña la trasmisión o inscripción previa del condominio de doña Dolores Encarnación Ortiz a favor de sus hijas nombradas Ana María y América García a título de herederas, sin haberse acreditado el pago de la contribución de herencia.

3. No procede la cancelación de un asiento contradictorio en el Registro en un informativo de dominio, a menos que el dueño o titular lo consienta, o sea oído y vencido en juicio al oponerse a las pretensiones del promovente del informativo en cuestión."

Contra la nota denegatoria del Registrador el promovente interpuso el presente recurso gubernativo donde señala tres errores, los cuales discutiremos en el orden señalados.

"1. Erró el Registrador al denegar la inscripción amparándose en la teoría de que en un informativo de dominio no puede ordenarse la cancelación de un asiento contradictorio a menos que la persona a cuyo favor consta la inscripción consienta o sea oída y vencida en juicio al oponerse a las pretensiones del promovente."

La contención del recurrente descansa en la doctrina sentada en el caso de *Canino* v. *Registrador,* 31 D.P.R. 434, pero este caso fué expresamente revocado por el de *Rodríguez* v. *Registrador,* 65 D.P.R. 653, en el cual esta corte

hizo un estudio detallado de los expedientes contradictorios luego de examinar la ley, la jurisprudencia y los tratadistas sobre la materia, y dijimos a la página 657:

"Descartado el caso de *Canino v. Registrador,* supra, por los fundamentos ya expuestos, tenemos que en Puerto Rico no procede la cancelación de un asiento contradictorio en un expediente de dominio a menos que a ello consienta el titular, o a menos que sea oído y vencido en juicio al oponerse a las pretensiones del peticionario."

El Registrador basó su tercer fundamento para denegar la inscripción precisamente en lo resuelto por este Tribunal en el caso de *Rodríguez v. Registrador,* supra. Empéro, el recurrente arguye en su alegato que "las conclusiones a que se llegaron en ese caso deben ser abandonadas y procederse a un nuevo estudio de la cuestión." Como bien dice el recurrido "Nada nuevo encontramos en el alegato de la parte recurrente que no hubiera sido discutido ampliamente en el repetido caso." No se cometió el primer error.

■■ Como segundo error señala el recurrente que:

"2. Erró el Registrador al negarse a inscribir el condominio que pertenecía a Dolores Encarnación Ortiz, a favor del promovente Carlos Mercado, porque las otras participaciones en dicha finca constan inscritas a favor de la esposa del promovente, Isolina Collazo."

Alega el recurrente que aunque la finca consta inscrita en el Registro a nombre de Isolina Collazo (con excepción del condominio inscrito a favor de Dolores Encarnación Ortiz), a título privativo, lo cierto es que el Registrador consignó el defecto subsanable de que la procedencia privativa del dinero con que se había adquirido no se había acreditado en el Registro; que todavía no se ha acreditado y que el efecto legal de haberse consignado tal defecto en la inscripción es que los bienes, según el Registro, son bienes gananciales de Isolina Collazo y del promovente, Carlos Mercado. Cita los casos de *Crehore v. Registrador,* 25 D.P.R. 847; *Fernández Pérez v. Registrador,* 26 D.P.R. 740; *Acosta v. Registrador,* 27 D.P.R. 250; *Sánchez et al. v. Re-*

*gistrador,* 28 D.P.R. 669, para sostener su contención. En dichos casos se resolvió que cuando el marido o la mujer tratan de inscribir bienes inmuebles, como de la exclusiva propiedad de uno o de la otra, es de rigurosa aplicación el precepto contenido en el artículo 1307 del Código Civil, (ed. 1930) al efecto de que "Se reputan bienes gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer", y que para acreditar tal carácter privativo no es bastante la manifestación afirmativa que hagan ambos esposos en una escritura pública. Arguye el recurrente que tratándose de un bien ganancial (ya que el carácter privativo no ha sido acreditado), era a él, como administrador y representante legal de la sociedad de gananciales, a quien correspondía promover el expediente de dominio.

Estamos de acuerdo con la contención del recurrente hasta ese punto. Es decir, a él era a quien correspondía promover dicho expediente, si es que procedía, mas en ese caso debió citarse y oírse también a la Sra. Isolina Collazo de Mercado, pues del Registro aparecía que ella tenía un título inscrito sobre dicha finca. En otras palabras, y como apunta el Registrador en su alegato, "desde el punto de vista estrictamente hipotecario, Doña Isolina Collazo es tercero en lo que respecta a la sociedad de gananciales, ya que tiene un título inscrito y para nada ha intervenido en su carácter individual o personal en el procedimiento instado por su esposo, Carlos Mercado, como administrador de la sociedad." Estando inscrita la finca como bien privativo de Doña Isolina, la Corte de Distrito no tenía jurisdicción para ordenar la inscripción del dominio de dicho inmueble en su totalidad a nombre de Carlos Mercado, sin haberla citado ni oído. La misma regla establecida en el caso de *Rodríguez* v. *Registrador,* supra, es aplicable. Hemos resuelto, además, en *Delgado* v. *Registrador de San Juan,* 30 D.P.R. 483, copiando del sumario, que "Inscrita una propiedad como ganancial, en tanto esa inscripción permanezca sin

cancelar el estado legal creado por tal asiento, sea o no verdadero, debe considerarse prima facie correcto para los fines de inscripción.''

Y en *Lind* v. *Registrador,* 66 D.P.R. 145, resolvimos que ''Inscrita una escritura de compraventa en la cual el comprador manifestó que era casado pero no expresó el nombre de la esposa, si luego dicho comprador contrae matrimonio y fallece, el registrador procede correctamente al negarse a inscribir la mitad indivisa de la finca así comprada a favor de sus hijos como herederos de la segunda esposa por resultar la finca inscrita a favor de una sociedad de gananciales distinta, no liquidada. Los derechos de la cónyuge en dicha sociedad ganancial no liquidada, o de sus herederos, no pueden ser perjudicados sin oírseles en la acción plenaria correspondiente.'' *Cf. Miguel Alcázar* v. *Corte de Distrito de Ponce,* 67 D.P.R. 727.

██ No se cometió el segundo error. Como tercero, alega el recurrente que:

''3. Erró el Registrador al exigir que se acreditara el pago de la contribución de herencia por parte de Ana María y América García, para proceder a la inscripción del condominio que perteneció a Dolores Encarnación Ortiz, a favor del promovente.''

El Registrador se fundó en el artículo 12 de la ley núm. 99 de le 1925 (pág. 791), enmendado por la Ley núm. 303 de 1946 ((1) pág. 783) que, en su parte pertinente dice: '' . . . y ningún registrador inscribirá . . . instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero . . . ''

Alega el recurrente que en este caso no se trata de un documento en relación con la división, distribución o entrega de los bienes de un fallecido; que la resolución presentada al Registrador comprendía, primero, la cancelación de un asiento contradictorio de dominio a nombre de Dolo-

res Encarnación Ortiz; y segundo, la inscripción del domi-nio a nombre de Carlos Mercado. Precisamente, para que el registrador pudiera inscribir el dominio sobre la finca a favor de Carlos Mercado era imprescindible que existiera la cadena de títulos, desde Doña Justina y sus hijos hasta Don Carlos, y el primer eslabón en dicha cadena en cuanto a la participación de Doña Dolores, sería el título de las herederas de aquélla, las cuales tenían que acreditar el pago de la contribución de herencia o demostrar que habían sido relevadas de dicha obligación impuéstale por ley.

En el caso de *Delgado López* v. *Registrador,* 37 D.P.R. 497, 499, interpretando el artículo 12 de la Ley núm. 99 de 1925, en relación con informativos de dominio, dijimos:

"Los recurrentes dicen también que existe una presunción de regularidad al obtener de una corte una certificación de un título de dominio. Hay ciertas cuestiones de hechos resueltas por una corte al considerar una solicitud sobre expedientes de dominio que serían obligatorias para un registrador de la propiedad. *El pago de contribuciones no es una de esas cuestiones.* Por virtud del art. 18 de la Ley Hipotecaria el registrador está obligado a calificar si se han cumplido con los requisitos de ley. De acuerdo con el art. 12 de la Ley núm. 99 del año 1925, se prohibe al registrador que inscriba cualquier documento en que estén envueltos bienes heredados, a menos que se haya pagado la contribución por herencia." (Bastardillas nuestras.)

*Por los motivos expuestos, se confirma la nota recurrida.*