LEONARDO GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1252.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 16, 1949.

*Rafael A. Saliva,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la resolución aprobatoria de una información de dominio, dictada por la corte de Distrito de Mayagüez, se hace constar entre otras cosas que el peticionario adquirió ocho

décimas de la finca en cuestión por compra a María Elena Ramos y otros, una décima parte por compra a Osvaldo Vélez Méndez y otra décima parte por compra a Rita Aida Ortiz, y que todas las personas de quien el peticionario adquirió hubieron la finca por herencia de Ramona Méndez, quien falleció en Mayagüez en el año 1928. Llevada al registro para su inscripción copia certificada de esa resolución, el Registrador denegó la misma ''por observarse que no se ha acreditado el pago o la exención de la contribución de herencia al fallecimiento de la causante Ramona Méndez, anterior dueña de la finca'' y tomó en su lugar anotación preventiva por el término legal.([1]) Contra esa nota denegatoria el interesado ha acudido ante nos.

■ Al denegar la inscripción por el fundamento aducido, el Registrador de la Propiedad tuvo en mente sin duda lo provisto por el artículo 12 de la Ley núm. 99 de 1925 (pág. 791), según ha sido enmendado por la Ley núm. 303 de 12 de abril de 1946 (págs. 783, 807) y lo resuelto por este Tribunal en los casos de *Mercado* v. *Registrador,* 68 D.P.R. 138, 145, y *Delgado López* v. *Registrador,* 37 D.P.R. 497, 499, en los cuales decidimos que la resolución aprobatoria de un expediente de dominio no es inscribible cuando un título de herencia resulta ser uno de los eslabones en la cadena de títulos, a menos que se acredite por los herederos el pago de la contribución de herencia o se demuestre que ellos fueron relevados del mismo. A la luz del contexto de la ley y de esa jurisprudencia el Registrador de la Propiedad no cometió error al denegar la inscripción por el motivo indicado.

■■ El recurrente alega además que como el documento se presentó al Registro el día 13 de diciembre de 1948 y el Registrador no actuó en relación con el mismo hasta el 12 de abril siguiente, fué un error de parte de éste denegar la inscripción, ya que no habiéndolo despachado dentro del término

---

([1])Véase el artículo 65 de la Ley Hipotecaria, según quedó enmendado por la Ley núm. 65 de 9 de mayo de 1936 ((1) pág. 341).

de treinta días (sic) que fija la ley, el Registrador venía en la obligación de efectuar de todos modos la inscripción del mismo. Está en un error el promovente. Nada dice la Ley Hipotecaria en sí misma respecto a cuándo debe actuar un Registrador al presentarse un documento para su inscripción o anotación. Sin embargo, la Ley de 10 de marzo de 1904 Asignando Sueldos a los Registradores de la Propiedad (Leyes de ese año, pág. 144, Estatutos Revisados de 1911, pág. 440), provee en su artículo 25 que ''los Registradores de la Propiedad deberán despachar todos los documentos que les sean presentados para ser inscritos o anotados. . . en el más breve plazo posible, cuyo plazo no excederá de diez días (10) . . . después de la fecha de presentación de los documentos . . . a menos que tales documentos . . . sean tan voluminosos o requieran tal estudio que se haga materialmente imposible terminarlas dentro del plazo indicado: *Disponiéndose, sin embargo,* que este plazo no podrá exceder en ningún caso de quince días''. No dispone esa ley, ni ninguna otra, que cuando se presenta al Registro de la Propiedad un documento para su inscripción o anotación y el Registrador no despacha el mismo dentro del término prescrito, con o sin causa justificada para la demora, el documento será inscrito de todos modos, independientemente de los defectos que ésta pueda tener. Si el Registrador no actúa dentro del término concedídole, la Ley Hipotecaria, en su artículo 313, inciso 1, tan sólo le hace responsable civilmente por su desidia o negligencia, en primer lugar, con su fianza y en segundo, con los demás bienes, de todos los daños y perjuicios que ocasione.

■ Al final de su escrito insiste el recurrente en que la finca objeto del expediente sólo tiene un valor de $250, que es ésa la única propiedad que posee y que el obligarle a tramitar las correspondientes declaratorias de herederos para tener derecho a la inscripción solicitada le haría incurrir en gastos de consideración. El mayor o menor valor de la finca cuya inscripción se solicita, la situación pecuniaria de su dueño y los

514

gastos en que éste pueda incurrir para lograr la inscripción son consideraciones que jamás habrán de pesar en el ánimo del Registrador al calificar los documentos que se le presenten para su inscripción o anotación. Su deber primordial es interpretar y acatar la ley de acuerdo con su mejor saber y entender, mas no actuar fundado en sentimentalismos o consideraciones personales. *Cf. Iglesia Católica* v. *Registrador,* 65 D.P.R. 604, 612, y *Rodríguez* v. *Registrador,* 62 D.P.R. 396, 400.

*Debe confirmarse la nota recurrida.*