ÁNGELA MACAYA MORALES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

*Número:* G-64-4    *Resuelto:* 27 de octubre de 1964

*Benito A. Irizarry,* abogado del recurrente. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El Tribunal Superior, Sala de Mayagüez, en resolución dictada en un expediente de dominio declaró "justificado a favor de la promovente Angela Macaya Morales el dominio de la finca descrita y objeto de este Expediente, y en su consecuencia ordena que la misma se inscriba en el Registro de la Propiedad de San Germán, a favor de Angela Macaya Morales y de su esposo fallecido Andrés Matos Ramírez, librándose al efecto el oportuno testimonio de este auto por el Secretario de este Tribunal". Presentada la resolución recaída al Registrador de San Germán denegó la inscripción con nota que en lo pertinente lee así:

"Denegada la inscripción del presente documento, por no haber intervenido en la tramitación del expediente los herederos o causahabientes de Andrés Matos Ramírez. . .".

Dispone el Art. 395 de la Ley Hipotecaria, 30 L.P.R.A. sec. 737 (suplemento 1963) que "todo propietario que careciere de título inscribible de dominio, cualquiera que sea la época en que hubiese tenido lugar la adquisición podrá inscribir dicho dominio justificándola. . ." con las formalidades preceptuadas en la ley.

Morell sostiene que "en nombre del propietario sin título escrito de dominio pueden solicitar la instrucción del expediente sus representantes legítimos". Morell, *Legislación Hipotecaria*, Tomo V, pág. 579 (1934). Y al referirse a los expedientes posesorios, a la pág. 499, manifiesta que "puede solicitar la instrucción del expediente el padre en nombre de sus hijos menores; el marido, como interesado en que se inscriban los bienes de su mujer; el tutor, en nombre de los menores o incapacitados a quienes represente; el mandatario, por su mandante, acreditando el mandato; los representantes legítimos de una fundación o asociación, en nombre de éstas; los administradores de bienes de ausentes, de los de una quiebra o concurso, de una testamentaría o abintestato, etc., en interés de la persona o entidad que representan; los albaceas

universales o los herederos, para que se acredite la posesión a favor de un testador o causante". Y finalmente, Galindo y Escosura en sus *Comentarios a la Legislación Hipotecaria*, Tomo IV, pág. 599 (4ta. ed. 1903) relatan que "en. 11, 24 y 29 En. 1864. [la Dirección General de los Registros] declaró que era inscribible el expediente posesorio, a favor de una persona ya difunta, a fin de que el heredero pudiese después inscribir a su nombre. . .". Aunque la Ley Hipotecaria de 1861 sólo regulaba el expediente posesorio, *Rodríguez* v. *Registrador*, 65 D.P.R. 653 (1946); Roca Sastre, *Derecho Hipotecario*, Tomo 2, pág. 480 (ed. 1948), no vemos diferencia alguna, en cuanto a quiénes pueden instruirlo entre uno y otro expediente. Es interesante apuntar que el Art. 85 del Reglamento de la Ley Hipotecaria, 30 L.P.R.A. sec. 943 dispone que:

"Los herederos y legatarios no podrán inscribir a su favor bienes inmuebles o derechos reales que no hubiesen inscrito sus causantes. Los bienes o derechos que se hallen en este caso se inscribirán a nombre del difunto antes de serlo a favor de la persona a quien se hayan adjudicado. Esta inscripción se hará a costa de la testamentaría o abintestato, y a petición de cualquiera de los interesados, o del representante del ministerio fiscal, si la herencia estuviese vacante.

"No será necesaria la previa inscripción a favor del causante en cuanto a los bienes raíces y derechos reales que éste hubiese adquirido antes del día primero de julio de 1915, siempre que así se haga constar por los medios expresados en el Art. 20 de la Ley."

Negar la inscripción del dominio en este caso podría causarle inconvenientes a la viuda en el supuesto de que los otros copropietarios, herederos de su esposo, se negaran a instruir el expediente. Por otro lado la inscripción de la participación del causante, en nada les perjudica, pues oportunamente pueden subrogarse en la participación que les corresponde una vez acreditado el cumplimiento con las disposiciones de la Ley de Herencias y Donaciones, 13 L.P.R.A.

112

sec. 881 *et seq.* (Suplemento 1963); Cf. *Morales Vda. Fernández* v. *Registrador*, 48 D.P.R. 674 (1935). El presente se distingue de *González* v. *Registrador*, 70 D.P.R. 511 (1949) pues en la cadena de títulos que sirvió de base para la aprobación del expediente no aparece adquisición alguna por herencia.

*Pudiendo el expediente instruirse a nombre del propietario y de sus representantes y pudiendo además declararse inscribible el dominio a favor del causante para que los herederos puedan después inscribirlo a su nombre, procede revocar la nota recurrida y ordenar la inscripción solicitada.*